ENRIQUE DÍAZ MALDONADO, ETC., demandantes y recurrentes, *v.* DRA. MARÍA SOCORRO LACOT, ETC., demandados y recurridos; GLORIA GARCÍA SANTIAGO, ETC., demandantes y recurrentes, *v.* FEDERAL EXPRESS CORPORATION y FEDERAL EXPRESS DE PUERTO RICO, INC., demandados y recurridos.

*Números:* RE-86-59 *Resueltos:* 25 de enero de 1989
RE-87-120

*Lourdes E. Zayas* y *Olga M. Shepard,* abogadas de Gloria García Santiago, recurrente; *Rafael A. Nadal Arcelay, Jaime R. Nadal Arcelay, Hiram R. Cancio* y *Jesús Rabel Méndez,* de *Cancio, Nadal & Rivera,* abogados de Enrique Díaz Maldonado, recurrente; *Ramón L. Velasco,* abogado de Federal Express Corp. y Federal Express de Puerto Rico, Inc., recurridos; *Rafael Ortiz Carrión, Procurador General, Nilda P. Fuentes Ortiz* y *Doris Quiñones Tridas, Procuradoras Generales Auxiliares,* abogados de los recurridos.

LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN emitió la opinión del Tribunal.

En dos (2) ocasiones recientes hemos tenido la oportunidad de examinar la aplicación interjurisdiccional de la figura de cosa juzgada. Se trataba de sentencias dictadas previamente por el Tribunal Federal de Distrito de Estados Unidos para el Distrito de Puerto Rico. En *Díaz v. Navieras*

*de P.R.*, 118 D.P.R. 297 (1987), la sentencia se dictó luego de un juicio en los méritos. El fundamento jurisdiccional federal utilizado fue la diversidad de ciudadanía. 28 U.S.C. sec. 1332. En *Ramos González v. Félix Medina*, 121 D.P.R. 312 (1988), el tribunal federal asumió jurisdicción accesoria (*pendent jurisdiction*)(1) y la acción fue desestimada por inacción.

Los casos de autos presentan una variante de este mismo problema.(2) Las sentencias previas en éstos surgieron de acciones presentadas al amparo de la jurisdicción accesoria (*pendent jurisdiction*) de los tribunales federales. Las acciones estatales se desestimaron como corolario de haberse desestimado, por prescripción, las acciones federales. Los demandantes entonces presentaron, nuevamente, las reclamaciones estatales ante el Tribunal Superior del Estado Libre Asociado de Puerto Rico. De acuerdo con la doctrina de cosa juzgada, el Tribunal Superior las desestimó.

## I

*Hechos del caso de Díaz Maldonado v. Lacot*

En este caso, los demandantes recurrentes son un grupo de maestros que durante el año escolar 1976–1977 ocupaban plazas directivas de carácter temporal en el Departamento de Instrucción Pública del Estado Libre Asociado de Puerto

---

(1) La jurisdicción accesoria (*pendent jurisdiction*) permite que un tribunal federal pueda adjudicar una reclamación fundada solamente en una ley estatal, que de otra forma estaría fuera de su jurisdicción, si la cuestión estatal surge de la misma situación de hechos que la reclamación federal que se encuentra propiamente ante la consideración de dicho tribunal. En *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), caso normativo en esta área, el Tribunal Supremo federal expresó que un tribunal federal tiene jurisdicción accesoria sobre una reclamación estatal cuando: (1) hay una cuestión federal propiamente ante el tribunal; (2) la reclamación estatal y la reclamación federal se derivan de un núcleo común de hechos operacionales, y (3) la relación entre los hechos es tal que es de esperarse que el demandante, de ordinario, litigue ambas reclamaciones en un solo procedimiento judicial.

(2) Por plantear básicamente la misma cuestión de derecho, motu proprio, consolidamos los recursos.

Rico (D.I.P.). El nombramiento a dichas plazas expiraba al finalizar el año escolar. Previo a sus nombramientos, ellos ocupaban plazas en propiedad dentro del sistema de instrucción pública; eran, por lo tanto, empleados permanentes. Durante mayo y junio de 1977, y no más tarde de 17 de junio de ese mismo año, recibieron una comunicación del Director de la División de Personal del D.I.P. para notificar que, llegado el término de expiración del contrato de su nombramiento directivo, serían reinstalados a la plaza permanente que desempeñaban anteriormente dentro del sistema. Así las cosas, los demandantes enviaron al entonces Secretario del D.I.P., Carlos Chardón, cartas para objetar la determinación e informar que estaban llevando a cabo los trámites necesarios para ejercitar la acción legal correspondiente.

El 19 de junio de 1978, José Ortiz Rivera, uno de los empleados a quien no se le renovó el contrato, presentó una reclamación ante el Tribunal de Distrito federal contra el entonces Secretario del D.I.P., Carlos Chardón, y el entonces Secretario Auxiliar a cargo del personal del D.I.P., Oscar Ramos, en su carácter personal y oficial. Alegó la violación de derechos civiles garantizados por la Primera y Decimocuarta Enmiendas de la Constitución de Estados Unidos, L.P.R.A., Tomo 1, y por la Ley Federal de Derechos Civiles, 42 U.S.C. sec. 1983. También reclamó al amparo de 18 L.P.R.A. secs. 214, 249a, 249e y ss. Solicitó, además, la certificación del pleito como uno de clase. El 21 de agosto de 1978 el tribunal denegó la certificación de la clase por no ser ésta suficientemente numerosa.

A partir de 10 de enero de 1979, noventa y un (91) empleados del D.I.P. presentaron ante el Tribunal de Distrito federal demandas individuales en las que aducían los mismos reclamos planteados en el pleito de clase. De estos noventa y un (91) casos, el tribunal consolidó cincuenta y cinco (55) bajo el epígrafe *Soto v. Chardon*, y los restantes treinta y seis (36) bajo el epígrafe *Rivera Fernandez v. Chardon*.

En el caso *Soto v. Chardon*, 514 F. Supp. 339 (D.C. P.R. 1981), los cincuenta y cinco (55) demandantes obtuvieron un veredicto favorable. En apelación de los demandados y contraapelación de los demandantes, el Tribunal Federal de Apelaciones para el Primer Circuito, luego de modificar el remedio en ciertos aspectos,[3] ordenó que dieciocho (18) de los cincuenta y cinco (55) casos fueran desestimados por estar prescritas las causas de acción y devolvió los restantes treinta y siete (37) no prescritos para que se celebrara juicio sobre el aspecto de daños. *Fernandez v. Chardon*, 681 F.2d 42 (1er Cir. 1982).

Los aquí demandantes formaban parte de otro grupo de treinta y seis (36) empleados del D.I.P. en circunstancias similares que también habían hecho idénticas reclamaciones. En cuanto a este grupo, el Tribunal de Distrito federal desestimó las demandas por entender que sus acciones estaban prescritas. *Navarro v. Chardon*, 506 F. Supp. 229 (D.C. P.R. 1980); *Velazquez v. Chardon*, 500 F. Supp. 10 (D.C. P.R. 1980). Los demandantes apelaron ante el Tribunal Federal de Apelaciones para el Primer Circuito. Éste revocó la decisión. *Rivera Fernandez v. Chardon*, 648 F.2d 765 (1er Cir. 1981). Mediante *certiorari*, los demandados recurrieron ante el Tribunal Supremo de Estados Unidos, el cual resolvió que las acciones estaban prescritas, revocó al Tribunal Federal de Apelaciones para el Primer Circuito y confirmó lo resuelto por el Tribunal de Distrito federal. El Tribunal Supremo federal determinó que el término prescriptivo aplicable en estos casos de violación de derechos civiles federales es el de un (1) año establecido por el Art. 1868(2) del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5298(2). También resolvió que dicho término había comenzado a decursar cuando se notificó a los demandantes la resolución oficial de cesantía

---

[3] Revocó la concesión de salarios dejados de percibir.

o expiración del contrato, y no en la fecha en que terminó efectivamente el empleo. *Chardon v. Fernandez*, 454 U.S. 6 (1981).

El 27 de mayo de 1982 el Tribunal de Distrito federal, siguiendo las instrucciones del Tribunal Supremo federal, dictó una orden desestimando las acciones. El 24 de mayo de 1983 los demandantes, a base de los mismos hechos, presentaron ante el Tribunal Superior, Sala de San Juan, una demanda reclamando sustancialmente lo mismo que, al amparo de las leyes locales, habían solicitado en la acción federal.

Fundamentada en la doctrina de cosa juzgada, la parte demandada presentó moción de desestimación y/o de sentencia sumaria acompañada por documentos. A esta moción se opuso, oportunamente, la parte demandante. Al no haber controversia sobre los hechos, el foro de instancia acogió el planteamiento de los demandados y desestimó la acción. Entendió que ya el asunto había sido resuelto por el Tribunal Supremo de Estados Unidos. En la alternativa, encontró que se llegaba al mismo resultado al analizar los hechos específicos del caso, ya que entendía que de todos modos la acción estaba prescrita.

No conformes con esta decisión, los demandantes recurrieron ante este Tribunal planteando la comisión de tres (3) errores que pueden resumirse así: (1) que el tribunal de instancia erró al aplicar la doctrina de cosa juzgada o su modalidad de impedimento colateral por sentencia; (2) que erró al determinar que el término prescriptivo comenzó a decursar cuando se notificó a los demandantes sobre la destitución y no cuando se consumó efectivamente la misma, y (3) que erró al concluir que no se había interrumpido el término prescriptivo mediante reclamación judicial.[4]

---

[4] Por la conclusión a que llegamos no es necesario que discutamos estos dos (2) últimos errores.

## II

*Los hechos en el caso de García Santiago v. Federal Express Corp.*

Sobre los hechos que dan lugar a la cuestión planteada en este caso, tampoco existe controversia. El 10 de agosto de 1983, la demandante Gloria M. García Santiago, por sí y en representación de la sociedad de gananciales compuesta por ella y su esposo Héctor R. Pérez García, presentó ante el Tribunal de Distrito federal una demanda contra Federal Express Corporation y Federal Express de Puerto Rico, Inc., entre otros. Alegó haber sido objeto de discrimen por razón de sexo en el empleo, en violación a lo dispuesto en la Quinta y Decimocuarta Enmiendas de la Constitución de Estados Unidos de América, L.P.R.A., Tomo 1; Título VII de la Ley Federal de Derechos Civiles de 1964 (42 U.S.C. sec. 2000e *et seq.*); 42 U.S.C. sec. 1981; Art. II, Sec. 1, Const. E.L.A., L.P.R.A., Tomo 1, y Art. 1 de la Ley Núm. 100 de 30 de junio de 1959, según enmendada, 29 L.P.R.A. sec. 146.

En la primera causa de acción, la codemandante García Santiago reclamó al amparo del Título VII de la Ley Federal de Derechos Civiles, *supra*. Solicitó ser reinstalada a su puesto o a uno similar, el pago del salario dejado de percibir y los beneficios perdidos, una suma igual a éstos más intereses y honorarios de abogado. En la segunda causa de acción, reclamó bajo la Ley Núm. 100, *supra*, daños por sufrimientos mentales. En la tercera causa de acción, el codemandante Pérez García solicitó daños y perjuicios por sufrimientos mentales al amparo del Art. 1802 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5141.

El 1ro de noviembre de 1985, el Tribunal de Distrito federal dictó sentencia desestimando la demanda. Como fundamento, adujo que la demanda se presentó después de expirar el término de noventa (90) días desde la notificación del derecho a reclamar hecho por la Equal Employment Opportunity Commission (E.E.O.C.). 42 U.S.C. sec. 2000e–5(f)(1). Resol-

vió, además, que los demandados no habían renunciado al término prescriptivo ni éste había sido interrumpido.

El Tribunal federal reseñó los hechos del caso de la manera siguiente. El 24 de agosto de 1981, la codemandante García Santiago comenzó a trabajar como *courier* con la codemandada Federal Express Corporation. Una semana después, el 31 de agosto, fue despedida. Entonces, el 8 de marzo de 1982, García Santiago presentó querella ante la E.E.O.C. alegando que su despido fue fundado en discrimen por razón de sexo. Aproximadamente un (1) año más tarde, el 25 de abril de 1983, la E.E.O.C. le envió a García Santiago una notificación sobre su derecho a reclamar y, el 10 de agosto de 1983, García Santiago presentó la demanda en el Tribunal de Distrito federal. El 1ro de noviembre de 1985, el Tribunal federal desestimó la demanda.

El 11 de marzo de 1986, los demandantes presentaron ante el foro local una demanda contra Federal Express Corporation y Federal Express de Puerto Rico, Inc., reclamando sustancialmente lo mismo que, al amparo de las leyes locales, habían reclamado en el Tribunal federal. Al acoger una moción de sentencia sumaria de la codemandada Federal Express Corporation fundamentada en la defensa de cosa juzgada, el tribunal desestimó la demanda. No conformes, los demandantes presentaron, ante este Tribunal, un recurso de revisión. Alegaron, en síntesis, que el tribunal de instancia erró al aplicar la doctrina de cosa juzgada.[5]

## III

*Principios generales sobre la aplicación interjurisdiccional de la doctrina de cosa juzgada*

---

[5] También alegaron que el tribunal erró al desestimar la demanda en su totalidad, cuando existen dos (2) demandados y sólo uno de ellos compareció y pidió la desestimación. Por el resultado a que llegamos, no es necesario discutir este error.

■ La aplicación interjurisdiccional de la doctrina de cosa juzgada y su complemento, la doctrina constitucional de "entera fe y crédito", son áreas del derecho donde no existen normas unitarias.(6) Para determinar la norma de cosa juzgada a aplicar y cuán abarcadora debe ser su aplicación, cada caso debe ser objeto de cuidadoso análisis, tomando en consideración y ponderando, entre otros, factores tales como: el tipo de acción de que se trata; si la sentencia previa es de un tribunal de jurisdicción limitada; el fundamento jurisdiccional que tiene dicho tribunal para entender en el asunto; el derecho sustantivo resuelto (*i.e.* si es uno federal o estatal), y el fundamento utilizado para resolver el caso (*i.e.* si fue procesal, sustantivo o una combinación de ambos). Véanse: 18 *Wright, Miller and Cooper, Federal Practice and Procedure: Jurisdiction* Sec. 4468 (1981); R.C. Casad, *Symposium: Preclusion in a Federal System,* 70 Cornell L. Rev. 599–752 (1985).

■ Los dos (2) casos en que hemos examinado la aplicación interjurisdiccional de la doctrina de cosa juzgada (federal y estatal) reflejan esta falta de normas unitarias. En *Díaz v. Navieras de P.R.*, supra, adoptamos la jurisprudencia mayoritaria federal y resolvimos que, en situaciones en que se trate de sentencias previas dictadas por tribunales federales que han asumido jurisdicción fundamentados en diversidad de ciudadanía, 28 U.S.C. sec. 1332, la doctrina estatal de cosa juzgada es la que gobierna. En *Ramos González v. Félix Medina*, supra, reconocimos que las normas federales de cosa juzgada aplican cuando se trata de un dictamen federal acerca de una cuestión federal. Sin embargo, a pesar

---

(6) En relación con la aplicación de la doctrina de *res judicata* en los tribunales federales cuando se trata de una sentencia previa estatal, véase S.H. Nahmod, *Civil Rights and Civil Liberties Litigation*, 2da ed., Colorado Springs, Ed. McGraw-Hill, 1986, Cap. 5, Sec. 5.20, págs. 335–336.

de existir esta norma general, hay que tener presente que aun en estos casos la doctrina federal de cosa juzgada no tiene que aplicarse, con todos sus efectos, a todos los posibles detalles del caso. *Wright, Miller and Cooper*, supra, Sec. 4433, págs. 308–315 n. 8–22 y Sec. 4468, págs. 657–658; *Steffel v. Thompson*, 415 U.S. 452 (1974); S.H. Nahmod, *Civil Rights and Civil Liberties Litigation*, 2da ed., Colorado Springs, Ed. McGraw-Hill, 1986, Cap. 5, Sec. 5.20, págs. 335–336.

■ En *Ramos González v. Félix Medina*, supra, también expresamos, en relación con la jurisdicción accesoria (*pendent jurisdiction*) de un tribunal federal sobre una causa de acción estatal, que para que éste pueda asumir jurisdicción es necesario que la causa de acción federal que fundamenta la acción presentada sea suficientemente sustancial como para conferirle jurisdicción sobre la materia. Dijimos también que "[e]sta sustancialidad se determina a base de las alegaciones (*pleadings*) independientemente de la disposición ulterior del caso. Si la reclamación federal es sustancial, el tribunal puede considerar todas las reclamaciones, estatales o federales, que surjan del mismo núcleo común de hechos operacionales (*common nucleus of operative facts*) siempre que hubiera sido de esperarse que el demandante las litigara todas en un solo procedimento judicial. 13B *Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction and Related Matters (Federal Question Jurisdiction—Diversity Jurisdiction)*, 2da ed., Sec. 3567.1, págs. 114–116 (1984)". *Ramos González v. Félix Medina*, supra, pág. 333. En estas circunstancias, aun cuando el demandante no solicita del tribunal federal que asuma jurisdicción accesoria (*pendent jurisdiction*) sobre la reclamación estatal, la sentencia federal podría tener el efecto de cosa juzgada sobre la misma.

■ Tanto bajo las normas federales como bajo las de Puerto Rico, se considera cosa juzgada no sólo las cuestiones litigadas y adjudicadas, sino también aquellas que pudieron haberse litigado y adjudicado con propiedad aun cuando no fueron planteadas. *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 560 (5to Cir. 1983); *Santos v. Todd Pacific Shipyards Corp.*, 585 F. Supp. 482, 484 (D. Cal. 1984); *Haefner v. County of Lancaster, Pa.*, 543 F. Supp. 264, 266–267 (D. Pa. 1982); *Restatement of the Law of Judgments* Sec. 24, comentario a (1942); *Pereira v. Hernández*, 83 D.P.R. 160 (1961); *Capó Sánchez v. Srio. de Hacienda*, 92 D.P.R. 837 (1965); *Mercado Riera v. Mercado Riera*, 100 D.P.R. 940 (1972); *Figueroa v. Banco de San Juan*, 108 D.P.R. 680 (1979). En *Ramos González v. Félix Medina*, supra, indicamos, además, que si a pesar de haber hecho la reclamación estatal el tribunal federal decide no entender en la misma o está impedido de hacerlo, la sentencia federal no constituiría cosa juzgada en relación con el reclamo estatal.

■ En relación con la desestimación de una acción, tanto bajo la doctrina de cosa juzgada nuestra como bajo la federal, se exige, para que ésta sea aplicable, que tal desestimación haya sido en los méritos. *Restatement of the Law of Judgments*, supra, Sec. 49;[7] *Henson v. Columbus Bank & Trust*, 770 F.2d 1566, 1572 (11mo Cir. 1985); *Nilsen v. City of Moss Point, Miss.*, supra, pág. 562; *Hernandez Jimenez v. Calero Toledo*, 576 F.2d 402, 404 (1er Cir. 1978); *Stevenson v. International Paper Co., Mobile, Alabama*, 516 F.2d 103, 108 (5to Cir. 1975); *Rodriguez v. Baldrich*, 508 F. Supp. 614

---

[7] *Restatement of the Law of Judgments* Sec. 49, pág. 193 (1942), lee como sigue:

"Where a valid final personal judgment not on the merits is rendered in favor of the defendant, the plaintiff is not thereby precluded from thereafter maintaining an action on the original cause of action and the judgment is conclusive only as to what is actually decided."

(D.C. P.R. 1981); *Wright, Miller and Cooper*, supra, Sec. 4435; *Mercado Riera v. Mercado Riera*, supra. Un cambio en la teoría del caso, o el hecho de que se pretenda reclamar un derecho bajo una ley distinta, no afecta la aplicación de la doctrina. *Vives v. Sucn. Amorós*, 34 D.P.R. 174 (1925); *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 319–321 (1927); *United States v. California & Ore. Land Co.*, 192 U.S. 355 (1904); *Williamson v. Columbia Gas & Electric Corp.*, 186 F.2d 464, 468 (3er Cir. 1950); *Engelhardt v. Bell & Howell Co.*, 327 F.2d 30, 32–36 (8vo Cir. 1964); *Mayer v. Distel Tool & Mach. Co.*, 556 F.2d 798 (6to Cir. 1977); *Cemer v. Marathon Oil Co.*, 583 F.2d 830, 832 (6to Cir. 1978); *Restatement of the Law of Judgments*, supra, Sec. 63. Tampoco la afecta el que los fundamentos de la sentencia previa sean erróneos. *Hartmann v. Time*, 166 F.2d 127, 139 (3er Cir. 1948); C.A. Wright, *Laws of Federal Courts*, 2da ed., Ed. West Publishing Co., 1983, Cap. 10, Sec. 100A, *Effect of a Prior Judgment*; *Bolker v. Tribunal Superior*, 82 D.P.R. 816, 832–834 (1961); *Infanzón v. Admor. Estabilización Econ.*, 84 D.P.R. 459 (1962); *Lausell Marxuach v. Díaz de Yáñez*, 103 D.P.R. 533 (1975). También, en ambas jurisdicciones, una desestimación por falta de jurisdicción no es una adjudicación en los méritos; mientras que la decisión de un caso en rebeldía sí lo es. *Ramos González v. Félix Medina*, supra; *Isaac Sánchez v. Universal C.I.T. Credit*, 95 D.P.R. 372 (1967); *Rosado v. Registrador*, 71 D.P.R. 553 (1950); *Muñoz v. Pardo*, 68 D.P.R. 612 (1948); *Nilsen v. City of Moss Point, Miss.*, supra; *Wright, Miller and Cooper*, supra, Secs. 4428, 4430 y 4442. En cuanto a la desestimación como resultado de una sanción, la norma es que en la jurisdicción en que se dicte la sentencia tiene efecto de cosa juzgada, a menos que el tribunal específicamente disponga en la sentencia que la desestimación es sin perjuicio. De otra parte, interjurisdiccionalmente algunos tribunales se han negado a concederle efecto de cosa juzgada cuando

existen circunstancias onerosas y para evitar una injusticia. *Wright, Miller and Cooper*, supra, Sec. 4440.

## IV

*Desestimación por prescripción y la aplicación interjuris-diccional de la doctrina de cosa juzgada*

En lo que respecta a la desestimación de una acción por prescripción, diferentes jurisdicciones han aplicado distintas normas al darle o no efecto de cosa juzgada a la sentencia, dependiendo de si consideran que el caso ha sido resuelto en los méritos. *Hartmann v. Time*, supra, págs. 138–139; *Santos v. Todd Pacific Shipyards Corp.*, supra; *Henson v. Columbus Bank & Trust*, supra; *Nilsen v. City of Moss Point, Miss.*, supra; *Hernandez Jimenez v. Calero Toledo*, supra, págs. 403–404. En nuestra jurisdicción, al igual que en la federal, como regla general una desestimación por prescripción es una desestimación en los méritos y aplica la norma de cosa juzgada, especialmente si el estatuto aplicable es el mismo en ambos foros. Serán cosa juzgada no sólo las cuestiones litigadas y adjudicadas, sino también aquellas que pudieron haberse litigado y adjudicado. *Díaz v. Navieras de P.R.*, supra; *Capó Sánchez v. Srio. de Hacienda*, supra; *Riera v. Pizá*, 85 D.P.R. 268 (1962); *Wright, Miller and Cooper*, supra, Secs. 4441, 4446 y 4472.

El problema interjurisdiccional surge cuando se desestima una acción por prescripción en una jurisdicción y luego se pretende darle valor de cosa juzgada en otra, donde, por privar otro término prescriptivo, la acción no está prescrita. El problema se agrava cuando se da la situación de que al presentarse por primera vez la causa de acción, ésta no estaba prescrita y, sin embargo, el tribunal la desestima —sin siquiera considerarla— como corolario de haber desestimado otra causa de acción que sí estaba prescrita. Sobre

este problema los tratadistas Wright, Miller y Cooper nos dicen lo siguiente:

> Successive actions in different systems of courts yield to ready answers in some settings. If the actions are on claims that both systems would regard as separate and controlled by different limitations periods, dismissal of the first action does not bar a second. If the actions are on a single claim and the second court would look to the same source of limitations law as the first court, preclusion should apply. (Escolios omitidos.) *Wright, Miller and Cooper*, supra, Sec. 4441, pág. 369.

De otra parte, en el *Restatement of the Law of Judgments*, supra, Sec. 49, págs. 194–195, se hace el comentario siguiente:

> [I]f the plaintiff brings an action to enforce a claim in one State and the defendant sets up the defense that the action is barred by the Statute of Limitations in that State, the plaintiff is precluded from thereafter maintaining an action to enforce the claim in that State. He is not, however, precluded from maintaining an action to enforce the claim in another State if it is not barred by the Statute of Limitations in that State.

 Al determinar qué efecto se le debe dar a una sentencia de un tribunal federal desestimando la acción por prescripción, hay que tomar en consideración y ponderar el principio normativo, tanto federal como estatal, que exige que las reclamaciones no se fraccionen al considerar como cosa juzgada no sólo lo que se litigó y adjudicó, sino también lo que se pudo haber litigado y adjudicado.[8] El efecto de

---

[8] En relación con el hecho de que existen distintos términos prescriptivos en distintos foros aplicables a reclamaciones surgidas del mismo núcleo común de hechos operacionales, el Tribunal Supremo de Estados Unidos, en un caso sobre aplicación de la doctrina de contactos mínimos, expresó lo siguiente:

"The chance duration of statutes of limitations in nonforum jurisdictions has nothing to do with the contacts among respondent, New Hampshire, and this multistate libel action. Whether Ohio's limitations period is six months or six

este principio debe ser evaluado a la luz de la también importante norma general que establece que los tribunales federales son tribunales de jurisdicción limitada, y que éstos no vienen obligados a desestimar una acción estatal cuando desestiman la acción federal que fundamenta la jurisdicción accesoria *(pendent jurisdiction)*, aunque como regla general así lo hacen.(9) *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11mo Cir. 1982); 13B *Wright, Miller and Cooper, Federal Practice and Procedure: Jurisdiction 2d* Sec. 3567.1 (1984). La combinación de estos dos (2) principios ha hecho que algunos tribunales federales hayan expresado que el hecho de que la acción estatal esté prescrita en el foro estatal, es un factor de suma importancia que el tribunal federal debe considerar al decidir si desestima la acción local presentada en tiempo ante dicho foro. *Henson v. Columbus Bank & Trust*, supra; *Pharo v. Smith*, 625 F.2d 1226, 1227 (5to Cir. 1980); *McLaughlin v. Campbell*, 410 F. Supp. 1821 (D. Mass. 1976).

---

years does not alter the jurisdictional calculus in New Hampshire. *Petitioner's successful search for a State with a lengthy statute of limitations is no different from the litigation strategy of countless plaintiffs who seek a forum with favorable substantive or procedural rules or sympathetic local populations.* Certainly Hustler Magazine, Inc., which chose to enter the New Hampshire market, can be charged with knowledge of its laws and no doubt would have claimed the benefit of them if it had a complaint against a subscriber, distributor, or other commercial partner." (Énfasis suplido.) *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 779 (1984).

En el esc. 10, el Tribunal hizo la observación siguiente:

"There has been considerable academic criticism of the rule that permits a forum State to apply its own statute of limitations regardless of the significance of contacts between the forum State and the litigation . . . . But we find it unnecessary to express an opinion at this time as to whether any arguable unfairness rises to the level of a due process violation." *Keeton v. Hustler Magazine, Inc.*, supra, pág. 779.

(9) Cuando la acción presentada ante el foro federal, al amparo de su jurisdicción accesoria *(pendent jurisdiction)*, es contra funcionarios estatales en la cual se reclama por haber éstos violado una ley estatal en el desempeño de sus funciones, hay que tomar en consideración los recientes pronunciamientos del Tribunal federal respecto a la falta de jurisdicción de los tribunales federales. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984).

■ En *Hernandez Jimenez v. Calero Toledo*, supra, pág. 404, el Tribunal Federal de Apelaciones para el Primer Circuito determinó que una sentencia previa de un tribunal de Puerto Rico, que desestime la acción por haber vencido el término para revisar una determinación administrativa ante el Tribunal Superior, no era una sentencia en los méritos y, por lo tanto, no había que darle efecto de cosa juzgada. La acción versaba sobre una alegada violación al debido proceso de ley fundada en el despido sin vista de Francisco Hernández Jiménez, un teniente de la Policía de Puerto Rico. Hernández Jiménez apeló el despido ante la Comisión de Investigación, Procesamiento y Apelación, la cual confirmó la actuación del Superintendente de la Policía. Luego de transcurrido el término jurisdiccional de treinta (30) días para apelar, recurrió ante el Tribunal Superior. El tribunal desestimó la petición por falta de jurisdicción. En alzada, nos negamos a expedir auto de *certiorari* para revisar.

En *Rose v. Town of Harwich*, 778 F.2d 77, 80–81 (1er Cir. 1985) el Tribunal Federal de Apelación para el Primer Circuito criticó la norma establecida en *Hernandez Jimenez v. Calero Toledo*, supra, al indicar que la tendencia actual es la de conceder efecto de cosa juzgada a las desestimaciones por prescripción. Expresó que la norma establecida en dicho caso debería limitarse a la aplicación de términos de naturaleza técnico-procesal, al distinguir éstos de los términos prescriptivos orientados hacia la sustancia, constitutivos de defensas en los méritos.

V

*Limitación de los efectos de la Regla 41(b) de Procedimiento Civil federal*

■ Sólo nos resta por aclarar el posible efecto de la Regla 41(b) de Procedimiento Civil federal, 28 U.S.C., sobre

la desestimación.([10]) Esta regla debe interpretarse de forma restrictiva. En casos de desestimación por prescripción, el efecto de adjudicación en los méritos debe limitarse a la relitigación de la acción en los tribunales de la misma jurisdicción del que la dictó. Cualquier efecto más allá de esto dependerá de lo que arroje un análisis individual de todos los hechos del caso en particular. 18 *Wright, Miller and Cooper, Federal Practice and Procedure: Jurisdiction* Sec. 4441, págs. 372–373 (1981).

Según expresara el Juez Brennan en *Costello v. United States*, 365 U.S. 265, 285–286 (1961):

> We regard the exception ["any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue . . . operates as an adjudication upon the merits"] *as encompassing those dismissals which are based on a plaintiff's failure to comply with a precondition requisite to the Court's going forward to determine the merits of his substantive claim.*
>
> . . . . . . . . .
>
> In defining the situations where dismissals "not provided for in this rule" also operate as adjudications on the merits, and are not to be deemed jurisdictional it *seems reasonable to confine them to those situations where the policy behind the enumerated grounds is equally applicable.* (Énfasis suplido.)

---

([10]) Esta regla equivale a nuestra Regla 39.2(c) de Procedimiento Civil, 32 L.P.R.A. Ap. III.

En su parte pertinente, la Regla 41(b) federal dispone:

"Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." Fed. Rules Civ. Proc. rule 41(b) (28 U.S.C.).

La Regla 39.2(c) local, *supra*, expresa a su vez:

". . . A menos que el tribunal en su orden de desestimación lo disponga de otro modo, una desestimación bajo esta Regla 39.2 y cualquier otra desestimación, excepto la que se hubiere dictado por falta de jurisdicción, o por haber omitido acumular una parte indispensable, tienen el efecto de una adjudicación en los méritos."

Al tomar en consideración estas expresiones y los hechos específicos del caso ante nuestra consideración, tenemos que necesariamente concluir que la Regla 41(b) de Procedimiento Civil federal, *supra*, no es dispositiva en cuanto a si estamos ante una determinación en los méritos o no. Por lo tanto, en el caso de *García Santiago v. Federal Express Corp.*, Civil Núm. 87–120, si la desestimación de la acción por haber transcurrido el término de noventa (90) días que establece la ley federal para presentar la reclamación fue una adjudicación en los méritos (con efectos de cosa juzgada interjurisdiccionales) dependerá del análisis que hagamos de los hechos específicos del caso; todo ello a la luz de las normas y principios de derecho antes reseñados.

## VI

*Conclusión*

A. *Díaz Maldonado v. Lacot*, Civil Núm. PE 83–667 (905).

Si aplicamos los principios de derecho que hemos discutido al caso del grupo de maestros del D.I.P., quienes fueron removidos de sus plazas directivas y devueltos a sus plazas permanentes de maestros, encontramos que el tribunal de instancia actuó correctamente al darle efecto de cosa juzgada a la sentencia del Tribunal federal. Los demandantes presentaron ante el Tribunal federal la misma reclamación bajo las leyes locales que más tarde presentaron ante el Tribunal Superior. Además, los hechos que fundamentaron la reclamación federal y los del caso de autos surgieron del mismo núcleo común de hechos operacionales. La misma prueba sostendría ambas acciones, y la adjudicación en los méritos de cualesquiera de ellas destruiría los derechos que da la otra. *Mercado Riera v. Mercado Riera*, supra.

En el foro federal, en relación con la reclamación federal, la parte demandada prevaleció en su defensa de prescripción. El caso fue apelado hasta el Tribunal Supremo de Es-

tados Unidos. Éste aplicó el Art. 1868(2) del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5298, y determinó que las acciones estaban prescritas. Interpretó que el término prescriptivo había empezado a decursar cuando se notificó a los demandantes de la resolución oficial de cesantía.

Ahora bien, el término prescriptivo de un (1) año establecido por el Art. 1868(2) del Código Civil de Puerto Rico, *supra*, aplica tanto a la acción federal como a la local. Bajo estas circunstancias, no cabe la menor duda de que el caso federal se decidió en los méritos y que tal adjudicación tuvo el efecto de cosa juzgada tanto sobre la acción federal como sobre la local.

La desestimación de todas las causas de acción por el Tribunal federal fue en los méritos y tiene el efecto de cosa juzgada sobre la acción presentada ante el Tribunal Superior. Además, principios de deferencia (*comity*) hacia la decisión interpretativa del Art. 1868(2) del Código Civil de Puerto Rico, *supra*, por el Tribunal Supremo federal impiden que nuestros tribunales, en el mismo caso, pasen juicio sobre la corrección de dicha interpretación.[11]

---

[11] En relación con esta interpretación, en *Delgado Rodríguez v. Nazario de Ferrer*, 121 D.P.R. 347, 361–362 esc. 8 (1988), señalamos:

"Más allá del ámbito del Art. 1802 del Código Civil, 31 L.P.R.A. sec. 5141, nuestra jurisprudencia también ha establecido que el término prescriptivo aplicable a las acciones civiles en daños y perjuicios, que surgen bajo la Ley de Derechos Civiles, es de un (1) año. *Olmo v. Young & Rubicam of P.R., Inc.*, 110 D.P.R. 740, 742 (1981).

"En *Chardón v. Fernández*, 454 U.S. 6 (1981), el Tribunal Supremo federal determinó que en una acción bajo 42 U.S.C. sec. 1983, por el despido de unos profesores sin permanencia, el término prescriptivo comenzó a transcurrir desde el momento en que se les notificó que quedaban despedidos.

"Este enfoque es unánime. Por analogía, a la luz de la naturaleza de las acciones que surgen bajo 42 U.S.C. sec. 1983, la jurisprudencia federal ha utilizado en este tipo de acciones el término prescriptivo aplicable a las acciones en *torts* de los foros locales."

B. *García Santiago v. Federal Express Corp.*, Civil Núm. 87–120.

Este caso presenta una situación distinta a la anterior. Aquí se trata de la aplicación de una limitación técnica procesal de noventa (90) días para la presentación de la demanda desde la notificación por la E.E.O.C. del derecho a reclamar que establece la ley federal. 42 U.S.C. sec. 2000e-5(f)(1). La parte demandante tenía más de un remedio disponible para vindicar la violación de sus derechos. Los reclamó todos correctamente en la acción presentada ante el Tribunal federal.

Bajo las circunstancias específicas de este caso, no debió considerarse la desestimación de la acción local como una en los méritos. La acción fundamentada en la ley local que se presentó ante dicho foro, se desestimó sólo como corolario de la desestimación de la acción federal. Los estatutos de prescripción para ambas acciones eran distintos y con diferentes términos. El Tribunal Superior erró al darle a la sentencia federal efecto de cosa juzgada.

Por todo lo antes expuesto, *procede que se dicte sentencia confirmando la dictada el 7 de enero de 1986 por el Tribunal Superior, Sala de San Juan, en el caso Enrique Díaz Maldonado, etc. v. Dra. María Socorro Lacot, etc., RE-86-59, revocando la sentencia de 23 de enero de 1987, dictada por el Tribunal Superior, Sala de Bayamón, en el caso Gloria García Santiago, etc. v. Federal Express Corporation, etc., RE-87-120, y que se devuelva este caso al tribunal de instancia para que continúen los procedimientos de forma compatible con esta opinión.*

El Juez Asociado Señor Rebollo López concurre con el resultado sin opinión escrita.