TEXTO COMPLETO DE LA SENTENCIA
En el presente recurso se cuestiona la corrección jurídica de la sentencia de 26 de noviembre de 1996, cuyo archivo en autos se hizo el 11 de diciembre de 1996. Mediante la referida sentencia se desestimó una demanda sobre daños y perjuicios por el fundamento de cosa juzgada.
Por entender que erró el tribunal a quo al desestimar la demanda, revocamos su dictamen.
I
El 29 de noviembre de 1995 la Sra. Dolores Maldonado Ayala, apelante, instó una demanda en contra de San Juan Suzuki, Inc., apelada. En la referida demanda la apelante alegó que sufrió daños al producirse un accidente de automóvil debido a que un defecto de diseño o construcción del vehículo le hizo perder el control del mismo.
El 1ro. de febrero de 1996, la apelada presentó su contestación a la demanda. En la misma la apelada niega los hechos esenciales de la demanda. La apelada no adujo en dicha contestación la defensa de cosa juzgada.
Más adelante en el trámite del caso, la apelada presentó una Moción de Desestimación con fecha de 3 de octubre de 1996. En dicha moción, la apelada alegó que procedía la desestimación de la *1016 demanda por cosa juzgada. En específico, la apelada adujo que la apelante había iniciado un procedimiento por la misma reclamación en el Departamento de Asuntos del Consumidor que fue cerrado y archivado el 26 de mayo de 1995 por falta de interés de la apelante, al haber ésta dejado de comparecer a una inspección del vehículo ordenada por dicha agencia.
El 26 de diciembre de 1996, el tribunal a quo acogió el planteamiento de la apelada y desestimó la demanda.
Inconforme con el referido dictamen, la apelante instó el presente recurso en el cual le imputa a dicho tribunal el haber cometido el siguiente error:

"Incidió el Tribunal de Instancia al resolver como cuestión de derecho que procedía desestimar la demanda en base a la defensa de cosa juzgada."

II
La defensa de cosa juzgada es una defensa afirmativa. Regla 6.3 de Procedimiento Civil, 32 L.P.R.A. Ap. II. Como toda defensa afirmativa, la defensa de cosa juzgada debe alegarse en la alegación respondiente original o por el contrario se entenderá que la misma ha sido renunciada. Reglas 10.2 y 10.8 de Procedimiento Civil, 32 L.P.R.A. Ap. II.
Los autores Wright y Miller sobre el efecto de omitir alegar una defensa afirmativa, dicen lo siguiente:
"Generally, a failure to plead an affirmative defense results in the waiver of that defense and its exclusion from the case. This proposition has been announced by numerous federal courts in cases involving a variety of affirmative defenses, including accord and satisfaction, discharge in bankruptcy, estoppel, failure of consideration, ilegality, injury by fellow servant, laches, res judicata and collateral estoppel, statute of frauds, statute of limitations, waiver, and several other defenses." (Enfasis nuestro) Wright & Miller, Federal Practice and Procedure, West Publishing, Co. (1990), Vol. 5, Sec. 1278, p. 477.
Por otro lado, la defensa de cosa juzgada se basa en el Art. 1204 del Código Civil, 31 L.P.R.A. see. 3343. Dicho artículo dispone que:

"Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquel en que ésta sea invocada, concurra la más perfecta identidad entre los casos, las personas de los litigantes y la calidad con que lo fueron."

La doctrina de cosa juzgada impide que se litigue en un pleito una reclamación que pudo haberse litigado y adjudicado en un pleito anterior entre las mismas partes y sobre la misma causa de acción. Mercado Riera v. Mercado Riera, 100 D.P.R. 940 (1972); Isaac Sánchez v. Universal C.I.T. Credit, 95 D.P.R. 372 (1967).
En relación con la desestimación de una acción, se exige para que sea aplicable la doctrina de cosa juzgada, que tal desestimación haya sido en los méritos. Díaz Maldonado v. Lacot, 123 D.P.R. 261 (1989).
En Pagán Hernández v. U.P.R., 107 D.P.R. 720 (1978), el Tribunal Supremo se expresó sobre la aplicabilidad de la doctrina de cosa juzgada a procedimientos administrativos. La aplicación de dicha doctrina tiene tres vertientes: su aplicación intra-agencial, su aplicación entre distintas agencias y su aplicación entre las agencias y los tribunales. Id. La aplicabilidad de la doctrina en el campo administrativo es flexible y depende de la naturaleza de la cuestión que se plantea en el ámbito judicial. Id.
En Rodríguez Oyola v. Machado Díaz, Op. de 3 de junio de 1994, 94 J.T.S. 82, no se aplicó en el tribunal la doctrina de cosa juzgada con respecto de una decisión administrativa del Fondo del Seguro del Estado que consideró un accidente como uno de trabajo. El Tribunal Supremo entendió en Rodríguez Oyóla v. Machado Díaz, supra, que no procedía aplicar la doctrina de cosa juzgada por las *1017 siguientes razones: (1) el Fondo del Seguro de Estado no celebró un procedimiento contencioso; (2) la cuestión determinada en el procedimiento administrativo era diferente del asunto objeto del procedimiento judicial; y (3) sería contrario a la política pública.
En el caso ante nos la apelada no incluyó en su contestación a la demanda la defensa de cosa juzgada, por lo que renunció a la misma. La defensa renunciada no podía ser revivida posteriormente mediante una moción de desestimación.
Además, en el presente caso el foro administrativo cerró y archivó la querella debido a que la apelante no compareció a una inspección del vehículo. Se trata pues de un archivo de la querella por falta de interés. No hubo por consiguiente una adjudicación en los méritos de la querella. No es aplicable, por lo tanto, la defensa de cosa juzgada.
III
Por las razones precedentemente expresadas, se revoca la sentencia y se ordena la continuación de los procedimientos de forma compatible con los antes resuelto.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 97 DTA 49
1. La apelante alega en la demanda que mientras conducía el automóvil en retroceso, el espaldar del asiento del conductor se desprendió.