# 98 DTA 163

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL I, REGION JUDICIAL DE SAN JUAN**

RAMON TORRES GONZALEZ
Demandante-Apelante

v.

GRACIANY MIRANDA MARCHAND, SU ESPOSA JANE DOE, Y LA
SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS
Demandada-Apelada

Núm. KLAN-96-00811

San Juan, Puerto Rico, a 13 de abril de 1998

Panel integrado por su Presidenta, Juez Fiol Matta,
la Juez Rodríguez de Oronoz y el Juez Gierbolini

## TEXTO COMPLETO DE LA SENTENCIA

Se apela en el presente caso de una sentencia sumaria que desestimó el pleito de cobro de dinero incoado por Ramón Torres González. El Tribunal de Primera Instancia, por voz del Hon. Antonio Corretjer Piquer, determinó que una sentencia previa hacía aplicable la doctrina de cosa juzgada e impedimento colateral.

### I

En el mes de octubre de 1996, el confinado Ramón Torres González, por derecho propio, presentó una demanda en cobro de dinero en la Sala Superior de San Juan del Tribunal de Primera Instancia. Alegó que para el verano de 1990 había contratado los servicios profesionales del Lcdo. Graciany Miranda Marchand para que lo representara en el caso de *United States of America v. 43 Million Dollars*, Civil No. 90-1652, seguido contra él en el Tribunal Federal de Distrito de Estados Unidos para el Distrito de Puerto Rico (en adelante Tribunal Federal de P.R.); que acordó con el Lcdo. Miranda Marchand pagarle $500,000.00 de honorarios de abogado, adelantándole la suma de $150,000.00; que el Lcdo. Miranda Marchand radicó tardíamente los documentos legales requeridos en el caso por lo que el tribunal dictó sentencia en rebeldía; que luego de la sentencia le solicitó al Lcdo. Miranda Marchand su renuncia como abogado y la devolución del dinero adelantado, negándose el Lcdo. Miranda Marchand a la devolución solicitada, por lo que el Lcdo. Miranda Marchand le adeudaba la porción no devengada del adelanto de $150,000.00. [1]

El demandado por su parte solicitó la desestimación de la demanda alegando que aplicaba la norma de cosa juzgada e impedimento colateral. Adujo que en relación al referido acuerdo de servicios profesionales, la parte demandante había presentado otra demanda de daños y perjuicios en el extinto Tribunal Superior de Puerto Rico el 30 de octubre de 1992, *Ramón Torres González, Iris Jeanette Concepción y la Sociedad de Gananciales compuesta por ambos v. Graciany Miranda Marchand su esposa Jane Doe y la Sociedad de Gananciales compuesta por ambos*, Civil Núm. KDP92-1070, siendo dicha demanda desestimada por encontrarse prescrita.

El Lcdo. Miranda Marchand alegó también que el demandante había presentado otra demanda en el Tribunal Federal de Distrito de Estados Unidos para el Distrito Este de Louisiana, *Ramón Torres González v. Graciany Miranda Marchand, Esq.*, Civil Act. No. 95-0420, alegando incumplimiento de contrato y mala práctica legal a raíz de los mismos hechos, siendo la misma desestimada por falta de jurisdicción.

Como fundamento adicional a su moción solicitando sentencia sumaria, el Lcdo. Miranda Marchand alegó que el 6 de junio de 1995, el demandante había radicado una tercera demanda basada en los mismos hechos en el Tribunal Federal de Distrito de Estados Unidos para el Distrito Sur de Nueva York, *Ramón Torres González v. Graciany Miranda Marchand, Esq.*, Civil Act. No. 95-9467. Adujo que este caso había sido trasladado al Tribunal Federal de P.R. (No. 95-2492), y allí se encontraba pendiente de resolver.

A base de lo anterior, el Lcdo. Miranda Marchand argumentó que era improcedente la demanda en cobro de dinero por ser cosa juzgada y/o existir impedimento colateral. Argulló que entre las demandas radicadas anteriormente por la parte demandante y la acción de cobro de dinero concurría la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron.

El demandante se opuso a la solicitud de sentencia sumaria. Adujo que la causa de acción de los casos anteriores era la mala práctica y la negligencia que nacía de ésta, mientras que el caso de marras trataba de la devolución de un dinero, a saber, la porción no devengada del adelanto de $150,000.00, con el fin de impedir un enriquecimiento injusto.

Así las cosas, el 25 de junio de 1996 el tribunal acogió los planteamientos del Lcdo. Miranda Marchand y desestimó la demanda fundamentado en que procedía la defensa de cosa juzgada e impedimento colateral, ya que la parte demandante había tenido *"varios turnos al bate con los mismos hechos".*

Inconforme con el dictamen, el señor Torres González acude a este foro señalando la comisión de los siguientes errores:

*"Erró el Tribunal, cuando se equivocó, pues mi reclamación es una legítima, evita un enriquecimiento injusto, además sanciona a los mercenarios del derecho."*

*El Tribunal Aquó [sic], con su doctrina de cosa juzgada y/o fraccionamiento de causas, viola la Ley Etica y fomenta el lucro personal de los abogados que convierten esa profesión en un negocio con fin exclusivo de lucro."*

## II

La doctrina de cosa juzgada, de antigua estirpe romana, tiene su origen en Puerto Rico en virtud del Artículo 1204 del Código Civil, 31 L.P.R.A. sec. 3343, que en lo pertinente señala:

*"Contra la presunción de que la cosa juzgada es verdad, sólo será eficaz la sentencia ganada en juicio de revisión.*

*Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquél en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron."*

Para su aplicación, dicha doctrina requiere, por definición, que exista entre el pleito ya resuelto y el caso donde dicha defensa se levanta, la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad en que lo fueron.

La defensa de cosa juzgada tiene el efecto de evitar que en un pleito posterior se litiguen cuestiones que ya fueron o que pudieron haber sido litigadas y adjudicadas en un pleito anterior. *Worldwide Food Distributors Inc. v. Colón Bermúdez y otros*, ___ D.P.R. ___ (1993), **93 J.T.S. 114;** *Rodríguez Rodríguez v. Colberg Comas*, ___ D.P.R. ___ (1992), **92 J.T.S. 102;** *Pagán Hernández v. U.P.R.*, 107 D.P.R. 720 (1978). Con dicha doctrina se persigue poner fin a los litigios luego de haber sido adjudicados en forma definitiva por los tribunales y garantizar de este modo la certidumbre y seguridad de los derechos declarados por resolución judicial, para evitar gastos adicionales al Estado y a los litigantes. *Worldwide Food Distributors Inc. v. Colón Bermúdez y otros, supra.*

Manresa señala que *"[p]or cosa juzgada se entiende lo ya resuelto por fallo firme de un juez o tribunal competente y lleva en sí la firmeza de su irrevocabilidad. Indica también el respeto debido a lo fallado y la autoridad que resolvió...el fundamento de la cosa juzgada no está en una pretensión de infalibilidad en el juzgador, ni menos en el intento de ocultar sus errores, sino que se encuentra en la esencia misma de la resolución judicial, que no merecería tal nombre ni tendría fuerza y resultado, si no se fortaleciera de ese modo."* Manresa, *Comentarios al Código Civil Español*, Tomo VIII, Vol. 2, Madrid, ed. 1967, págs. 278-279.

Es norma claramente establecida por nuestro Tribunal Supremo que se considera cosa juzgada no sólo las cuestiones litigadas y adjudicadas, sino aquellas que pudieron haberse litigado y adjudicado con propiedad, aun cuando no fueron planteadas. *Díaz Maldonado v. Lacot*, 123 D.P.R. 261 (1989).

En lo que respecta a la desestimación de una acción bajo la doctrina de cosa juzgada rigen varias normas de carácter general. Se exige, para que ésta sea aplicable, que tal desestimación haya sido en los méritos. *Díaz Maldonado v. Lacot, supra.* La desestimación por falta de jurisdicción no se considera una adjudicación en los méritos y, por lo tanto, la sentencia que se dicte desestimando un caso por falta de jurisdicción no tiene el efecto de cosa juzgada. *Díaz Maldonado v. Lacot, supra.* En lo que respecta a la desestimación de una acción por prescripción, se considera que es una desestimación en los méritos y, como regla general, aplica la norma de cosa juzgada. *Díaz Maldonado*

*v. Lacot, supra.*

### III

Veamos, pues, si en el caso ante nos se han configurado los requisitos que requiere la figura de la cosa juzgada.

La demanda incoada por Torres González en Louisiana fue desestimada sin perjuicio por falta de jurisdicción, por el fundamento de incumplimiento con el requisito de diversidad de ciudadanía. En consecuencia, esta sentencia no constituye cosa juzgada en cuanto al caso ante nuestra consideración, por no considerarse dicha sentencia una adjudicación en los méritos.

Al pleito incoado por el señor Torres González en Nueva York, que fuera trasladado a Puerto Rico, no se le puede conceder efecto de cosa juzgada por no haberse dictado sentencia.

Excluidos estos dos pleitos en cuanto a la aplicación de la figura de cosa juzgada, nos toca examinar dicha figura frente a la sentencia dictada por el extinto Tribunal Superior de Puerto Rico el 28 de septiembre de 1993 en el caso *Ramón Torres González v. Graciany Miranda Marchand,* Civil Núm. KDP-92-1070.

Las partes en el presente caso --y la calidad en que ambos comparecen-- son las mismas del caso de daños y perjuicios. Es evidente que están presentes la identidad de personas y la calidad en que lo fueron.

Asimismo, ambos procesos se desenvuelven alrededor del contrato de servicios profesionales: de su alegado incumplimiento, de la devolución de una de las prestaciones y de los alegados daños resultantes del incumplimiento. Existe, pues, identidad de cosas, el *"objeto o materia sobre la cual se ejercita la acción". Lausell Marxuach v. Díaz de Yáñez,* 103 D.P.R. 533, 535 (1975).

Resta, pues, determinar si también está presente el requisito de identidad de causas. Apunta el apelante que no hay identidad de causas pues en el primer caso la acción era de daños y perjuicios basado en negligencia mientras que en el presente litigio se reclama la devolución de un dinero.

Manresa señala que *"[p]ara los efectos de la cosa juzgada, la palabra causa tiene un sentido que no es de razón o motivo de un contrato o acto jurídico. Significa el fundamento capital, el origen de las acciones o excepciones planteadas y resueltas, y no debe confundirse con los medios de prueba ni con los fundamentos legales de las pretensiones deducidas por las partes... Si bien, como antes dijimos, es en general posible el ejercicio sucesivo de diferentes acciones, podrá constituir lo primeramente resuelto cosa juzgada para el segundo pleito, cuando la nueva acción estuviera como embebida en la primera o fuese consecuencia inseparable de la misma, y así, desestimada la petición de un supuesto condueño reclamando la copropiedad que se le niega, es lógico que aquél no podrá ejercitar luego la acción para pedir la división de la cosa común, etc."* Manresa, *op. cit.,* págs. 301, 303-304.

Scaevola, informa que la *"[c]ausa es el motivo de pedir".* Scaevola, *Código Civil,* Tomo XX, 2da. Ed., 1958, pág. 535. No se puede, sin embargo, identificar el fundamento, razón o motivo de pedir con el remedio solicitado como pretende el apelante. Tal enfoque permitiría a los litigantes escindir sus acciones en tantos pleitos como remedios a que tuviesen derecho. *Mercado Riera v. Mercado Riera,* 110 D.P.R. 940 (1972).

Ambos litigios, sin lugar a dudas, giran en cuanto al incumplimiento por el Lcdo. Miranda Marchand del contrato de servicios profesionales. Esto es, un análisis del pleito de daños y perjuicios y de la demanda de cobro de dinero demuestran que ambas reclamaciones se fundan en las actuaciones del Lcdo. Miranda Marchand en violación del contrato de servicios profesionales que pactó con el señor Torres González. La prueba necesaria para establecer ambas reclamaciones sería idéntica. La única prueba adicional necesaria en el caso de daños y perjuicios iría dirigida a establecer la cuantía de los daños reclamados. Con ello se obtendría un remedio adicional, sin embargo, el remedio no es un elemento integrante de la causa de acción. *Mercado Riera v. Mercado Riera, supra.*

Así, el Tribunal Supremo de España ha dictaminado que *"la diversidad de acciones no impide la estimación de la cosa juzgada cuando la razón y causa de pedir es la misma en una y otra, y por tanto, no es el nombre ni la naturaleza, declarativa o constitutiva, la que pueda impedir identidad de la causa pretendida, sino que en este respecto la decisión es si los hechos y fundamentos de las peticiones son los mismos en lo que afecta a la cuestión planteada".* Véase Sentencia del 19 de febrero de 1962, según citada en *A & P Gen. Contractors v. Asoc. Caná,* 110 D.P.R. 753, 765 (1981).

A la luz de lo anterior, es inescapable la conclusión de que está presente el requisito de identidad de causas. Resolvemos pues, que procede la aplicación de la defensa de cosa juzgada a los hechos del presente caso por concurrir entre el pleito original de daños y perjuicios y el pleito ante nuestra consideración la más perfecta identidad entre las causas, las personas de los litigantes y la calidad en que lo fueron. Art. 1204, Código Civil, *supra.*

Recordemos, por último, dos de los principios de derecho que aplican al caso de autos: que se considera cosa juzgada no sólo las cuestiones litigadas y adjudicadas, sino también aquellas que pudieron haberse litigado y adjudicado con propiedad, aun cuando no fueron planteadas; y que una desestimación por prescripción --como lo fue la sentencia que da base a la consideración en este pleito de cosa juzgada-- es una desestimación en los méritos y por lo tanto tiene efecto de cosa juzgada.

Conforme a lo anterior, se dicta sentencia confirmando la dictada por el tribunal de instancia el 25 de junio de 1996.

Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIO 98 DTA 163

**1.** Torres González estimó que el Lcdo. Miranda Marchand no pudo dedicarle al caso más de 100 horas, y siendo sumamente generoso no más de 200 horas de trabajo. A base de una tarifa de $200.00 dólares por hora, el servicio prestado por el Lcdo. Miranda Marchand se estimó en $20,000.00 o en la alternativa generosa $40,000.00, más $5,000.00 de posibles gastos. Concluyó que el Lcdo. Miranda Marchand le adeudaba $125,000.00, o en la alternativa generosa $105,000.00 menos $25,000.00 devueltos dos años atrás.