Manuel T. HIDALGO, Plaintiff,

v.

OVERSEAS–CONDADO INSURANCE
AGENCIES, INC., Defendant.

Civil No. 94–1311(SEC).

United States District Court,
D. Puerto Rico.

June 20, 1996.

Enrique M. Bray–Leal, San Juan, PR, for Plaintiff.

Jorge E. Pérez–Díaz, Pietrantoni Méndez & Alvarez, Hato Rey, PR, for Defendant.

## OPINION AND ORDER

CASELLAS, District Judge.

This is an action for damages and equitable relief brought pursuant to the Age Discrimination and Employment Act (ADEA) 29 U.S.C. § 621, et. seq. Plaintiff also invokes supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for the state law claims, 29 L.P.R.A. § 146, in which he seeks compensation for employment discrimination based on age.

Pending before the Court is defendant's Motion for Summary Judgment (Docket # 6). Plaintiff Manuel T. Hidalgo ("Mr. Hidalgo") alleges that he was dismissed by defendant Overseas–Condado Insurance Agencies, Inc. ("Overseas–Condado") solely due to his age, in violation of ADEA and Puerto Rico law. Defendant argues that it terminated plaintiff's position due to legitimate business reasons. After a careful examination of the applicable law and the parties' arguments, defendant's Motion for Summary Judgment is **GRANTED (Docket # 6).**

## Factual Background

In 1982, Royal Insurance Int. Ltd. ("Royal") purchased the Condado Insurance Agency ("Condado"), an independent insurance agency. (See Unsworn Declaration under Penalty of Perjury of Mr. Victor Ríos, hereinafter "Ríos Declaration," Docket # 6, Exhibit A, ¶ 2) At the time of Condado's purchase Mr. Manuel Hidalgo was President and part owner of Condado. Id. Immediately after the purchase, Royal retained plaintiff under contract to continue as President of Condado. Id.

In 1987 Condado merged with Overseas Insurance Agency. The new company became Overseas–Condado Insurance Agencies (Overseas–Condado). Id. at ¶ 4. As part of the reorganization, defendant created a division called the Condado Division and continued to retain Mr. Hidalgo under contract, now as President of the Condado Division. Id. In 1993, defendant eliminated the Condado Division, as well as Mr. Hidalgo's position. Id. at ¶ 5. According to Mr. Victor Ríos, Royal and Overseas–Condado eliminated the Condado Division for two reasons. First, the revenue from placement of insurance policies by the Condado Division declined from $984,257.00 in revenues in 1990 to $848,660.00 in 1992. This decline in sales, alongside with the cost of operating the Condado Division, prompted defendant to conclude that the division was not profitable.

The second reason, according to Mr. Ríos, was that several insurance agents and brokers who placed policies with Royal complained that the Condado Division, and especially Mr. Hidalgo, interfered with some of its clients. These actions apparently affected Royal's business relationship with these independent brokers and agents, who were responsible for a substantial part of Royal's business.

Defendant alleges that although it could have eliminated the Division and Mr. Hidalgo's position in 1992, it postponed the decision until September of 1993 to enable Mr. Hidalgo to qualify for retirement benefits. In March 29, 1993, defendant informed plaintiff that his contract would not be renewed and that he would become eligible for retirement on September 1, 1993. (Ríos Declaration, Exhibit A, ¶¶ 6–8; Exhibit B, Memo from Victor Ríos to Manuel Hidalgo)

On September 1, 1993, defendant eliminated the Condado Division, as well as Hidalgo's position. Plaintiff Hidalgo alleges that the elimination of his position in 1993 was motivated solely due to his age, since plaintiff refused to retire. · (Amended Complaint, ¶¶ 14–15, Docket # 19). Prior to the commencement of this action, plaintiff filed a complaint with the EEOC and the Department of Labor and Human Resources of Puerto Rico. On December 30, 1993, the Department of Labor and Human Resources of Puerto Rico issued his Notice of Right to Sue, which plaintiff received on January 15, 1994. On March 10, 1994, plaintiff initiated this action.

**Summary Judgment Standard**

■ As noted by the First Circuit, summary judgment has a special niche in civil litigation. Its role is "to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." *Wynne v. Tufts University School of Medicine*, 976 F.2d 791, 794 (1st Cir.1992), *cert. denied*, 507 U.S. 1030, 113 S.Ct. 1845, 123 L.Ed.2d 470 (1993). The device allows courts and litigants to avoid full-blown trials in unwinnable cases, thus conserving the parties' time and money and permitting courts to husband scarce judicial resources. *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 314–315 (1st Cir.1995).

According to Fed.R.Civ.P. 56(c), a summary judgment motion should be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *NASCO, Inc. v. Public Storage, Inc.*, 29 F.3d 28 (1st Cir. 1994). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there is no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

■ For a dispute to be "genuine," there must be sufficient evidence to permit a reasonable trier of fact to resolve the issue in favor of the nonmoving party. *U.S. v. One Parcel of Real Property*, 960 F.2d 200, 204 (1st Cir.1992). *See also, Boston Athletic Ass'n v. Sullivan*, 867 F.2d 22, 24 (1st Cir. 1989). By like token, "material" means that the fact is one that might affect the outcome of the suit under the governing law. *Morris v. Government Development Bank of Puerto Rico*, 27 F.3d 746, 748 (1st Cir.1994).

■ Moreover, this Court may not weigh the evidence. *Casas Office Machines, Inc. v. Mita Copystar America, Inc.*, 42 F.3d 668 (1st Cir.1994). Summary judgment "admits of no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails." *Id.* (citing *Greenburg v. Puerto Rico Maritime Shipping Authority*, 835 F.2d 932, 936 (1st Cir.1987)). Accordingly, if the facts permit more than one reasonable inference, the court on summary judgment may not adopt the inference least favorable to the non-moving party. *Casas Office Machines*, 42 F.3d at 684.

Upon close examination of the record, the Court concludes that plaintiff's complaint must be dismissed, since he has failed to adequately plead a prima facie case pursuant

to the ADEA. Furthermore, plaintiff has failed to prove that defendant's business decision to eliminate plaintiff's job was a pretext for illegal discrimination.

## I. Plaintiff Has Failed To Adequately Plead a Prima Facie Case Under The ADEA

█ In ADEA discrimination lawsuits, plaintiffs bear the ultimate burden of proving that their ages were the determinative factor in their discharge. In other words, "they would not have been fired but for their age." *LeBlanc v. Great American Ins. Co.*, 6 F.3d 836, 842 (1st Cir.1993). *See also Pages–Cahue v. Iberia Lineas Aereas de España*, 82 F.3d 533, 536 (1st Cir.1996) At least where there is little overt evidence of age discrimination, the case usually follows the ritualized burden-shifting paradigm presented in *McDonnell Douglas v. Green*, 411 U.S. 792, 802–805, 93 S.Ct. 1817, 1824–1826, 36 L.Ed.2d 668 (1973); *Pages Cahue*, at 536. *Mesnick v. General Electric Co.*, 950 F.2d 816, 823 (1st Cir.1991), *cert. denied*, 504 U.S. 985, 112 S.Ct. 2965, 119 L.Ed.2d 586 (1992).

█ Pursuant to the *McDonnell Douglas* test, plaintiff must open with a prima facie showing of certain elements which suggest age discrimination. Accordingly, plaintiff is required to make a prima facie showing: 1) that he or she fell within the ADEA's protected age group—that is, more than forty years of age; 2) that plaintiff met the employer's legitimate job performance expectations; 3) that he experienced adverse employment action and; 4) that plaintiff was replaced by a person with roughly equivalent job qualifications. *Vega v. Kodak Caribbean, Ltd.*, 3 F.3d 476, 479 (1st Cir.1993). If the termination of the employment is part of a reduction in the work force, as is the case in the present litigation, plaintiff must establish that defendant did not treat age neutrally or retained younger persons in the same position. *LeBlanc*, 6 F.3d at 842; *Goldman*, 985 F.2d at 1117.

█ Once plaintiff establishes the prescribed prima facie case, he creates a presumption that the employer engaged in impermissible age discrimination. *LeBlanc*, 6 F.3d at 842; *Goldman v. First Nat'l Bank of Boston*, 985 F.2d 1113, 1117 (1st Cir.1993). However, to rebut this presumption, the employer need only "articulate a legitimate nondiscriminatory reason for the employee's termination." *LeBlanc*, 6 F.3d at 842; *Goldman* 985 F.2d at 1117. Once the employer meets this burden in an age discrimination case, however, "the *McDonnell Douglas* presumption 'drops out of the picture.'" *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); *LeBlanc*, 6 F.3d at 843. The trier of fact must then simply conclude, based on the evidence, whether the employer's decision to terminate the plaintiff was motivated by intentional age discrimination. *LeBlanc*, 6 F.3d at 843.

█ Plaintiff meets the first prong of the prima facie showing, since he is 65 years old, within the scope of the protected age group (Complaint, ¶ 4, Docket # 1). Defendant also accepts, for purposes of the summary judgment motion, that the plaintiff also met the employer's legitimate job performance expectations and that he experienced adverse employment action (Defendants' Summary Judgment, p. 17, Docket # 6). However, upon close scrutiny of the record, the Court concludes that plaintiff fails to meet the fourth element required to make a prima facie showing.

Plaintiff fails to properly show he was "replaced by a person with roughly equivalent job qualifications." Defendant eliminated the Condado Division as well as Mr. Hidalgo's position of President of the Condado Division. (Exhibit A, ¶¶ 11, 12, 13, Docket # 6). The work performed by Mr. Hidalgo is not being performed by anyone else, for there is no Condado Division to preside. Defendant informed plaintiff of its business decision to eliminate the Condado Division since July 2, 1993 (Exhibit A, ¶ 9; Exhibit B).

Furthermore, many of the accounts that Mr. Hidalgo handled while at Overseas–Condado are no longer with Overseas. (Exhibit A, ¶ 13). Moreover, nobody was hired or reassigned to service those accounts which have stayed with Overseas. Id. Instead, defendants have assigned those accounts to other employees who handle them in addition to the work they performed before defen-

dants eliminated the Condado Division. Id. Additionally, Mr. Ríos states in his affidavit that "[n]obody performs the services that [Mr. Hidalgo] was performing or assumed his job responsibilities, as there is no continued need for an individual of Mr. Hidalgo's skills or who provide the services he provided." Id.

■ Plaintiff also failed to show that "the employer did not treat age neutrally or that the younger persons were retained in the same position." *LeBlanc,* 6 F.3d at 842. Besides Mr. Hidalgo, the Condado Division had two employees, Mrs. Sagrario Maíz del Toro, Hidalgo's secretary., and Ms. Doris Rodriguez, Hidalgo's assistant. (Exhibit A, ¶ 13) Ms. Del Toro resigned on July 20, 1993, before the elimination of the Condado Division. Ms. Doris Rodriguez works now at a receptionist and typist at Overseas. Id. Her responsibilities in this new position are substantially different and unrelated to the functions which she performed as Mr. Hidalgo's assistant. Id. These facts demonstrate that defendants treated age neutrally, since none of the other employees in the Condado Division continued to perform the work that he or she was performing at the Condado Division.

For the reasons stated above, the Court finds that plaintiff fails to establish the fourth element of the prima facie case.

Pursuant to these facts, the Court must conclude that Mr. Hidalgo was not replaced. *LeBlanc,* 6 F.3d at 846, and that there was no continuing need for someone with Mr. Hidalgo's skills or who could provide the services he rendered to the defendant. *Vega v. Kodak Caribbean, Ltd.,* 3 F.3d at 479. Moreover, plaintiff failed to establish that defendants did not treat age neutrally. Accordingly, plaintiff fails to meet the fourth element of the prima facie case.

### II. Plaintiff Fails To Prove That Defendant's Business Decision to Eliminate Job Was Pretextual

■ Assuming, *arguendo,* that plaintiff had established a prima facie case, and hence a presumption of age discrimination, the legitimate nondiscriminatory reasons for the termination of Mr. Hidalgo's contract clearly

rebut such presumption. As noted above, once the plaintiff has established a prima facie case of racial discrimination, the burden of proof shifts upon the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment decision. *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. at 1824; *see also Lehman v. The Prudential Insurance Company of America,* 74 F.3d 323, 327 (1st Cir.1996). This is only a burden of production and not a burden of persuasion, since it is the claimant that has to prove discrimination at all times. As recently noted by the Supreme Court, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 506–08, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407 (1993).

■ If the defendant articulates a legitimate reason for the employment decision, the plaintiff has to present evidence which establishes that the employer's reasons are mere pretext for discrimination. Plaintiff must establish either that the employer's reason was a pretext or that the actual reason for the adverse employment decision was discrimination. *Lehman,* 74 F.3d at 328.

■ In his Unsworn Declaration under Penalty of Perjury, Mr. Victor Rios states that the termination of Mr. Hidalgo's contract was part of the strategic business decision to eliminate the Condado Division. (Exhibit A, ¶¶ 5, 6, 7, 11, 12). In particular, Mr. Rios explains that the Condado Division, presided by plaintiff, was not profitable. Moreover, independent agents and brokers complained that the Condado Division, and specifically Mr. Hidalgo, interfered with some of their clients. Id. This interference created professional friction with these independent brokers and agents, some of whom were among Royal's most important clients. Id. These two factors led to defendant's decision to terminate the Condado Division.

The Condado Division, as well as Mr. Hidalgo's position, were in fact eliminated effective September 1, 1993, the day in which defendant terminated Mr. Hidalgo's contract. Id. at ¶¶ 11, 13. The Court reiterates the

fact that upon the termination of Mr. Hidalgo's contract nobody substituted him, since there was no need for an individual of Mr. Hidalgo's skills or who could provide the services he provided. Id. at ¶ 13.

Upon review of the defendant's arguments and accompanying documents, the Court concludes that defendant has articulated legitimate reasons for the employment decision to terminate Mr. Hidalgo's position. Accordingly, defendant has effectively rebutted the presumption that its employment actions against plaintiff were motivated by age discrimination.

■■ Since defendant has effectively returned the ball back to plaintiff's court, plaintiff must now prove with competent evidence that defendant's reasons were a "mere pretext", a subterfuge for age discrimination. Plaintiff relies solely on his allegations to indicate that defendant's actions were prompted by discriminatory animus.

Such conclusory allegations are not sufficient to defeat a properly documented summary judgment motion. As the First Circuit has recently and repeatedly held that "neither conclusory allegations, improbable inferences, and unsupported speculation, **nor brash conjecture coupled with earnest hope that something concrete will materialize** is sufficient to block summary judgment." *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.,* 76 F.3d 1245 (1st Cir.1996) (emphasis added); *see also Roche v. John Hancock Mutual Life Insurance Co.,* 81 F.3d 249 (1st Cir.1996) ("genuineness and materiality are not infinitely elastic euphemisms that may be stretched to fit whatever perorations catch a litigant's fancy ... [m]otions for summary judgment must be decided on the record as it stands, not on a litigant's vision of what the facts might some day reveal ... speculation and surmise, even when coupled with effervescent optimism that something definite will materialize further down the line, are impuissant in the face of a properly documented summary judgment motion.").

Furthermore, a Court of Appeals recently noted, "the ADEA is not a vehicle for reviewing the propriety of business decisions." *Furr v. Seagate Technology, Inc.* 82 F.3d

980, 986 (10th Cir.1996). Plaintiff may allege that defendant improperly calculated the declining insurance revenues from the Condado Division, and that such dismal portrayal of the division's economic forecast is a subterfuge to justify his dismissal due to his reluctance to retire. (Docket # 16, Brief in Support of Opposition to Summary Judgment, p. 17). However, such argument fails to persuade the Court. The Tenth Circuit Court of Appeals noted in a similar case, "[f]inancial evidence suggesting that a decision, in hindsight, may not have been prudent is not evidence of improper motive; the ADEA is not violated by erroneous or even illogical business judgment." *Furr,* 82 F.3d at 986. We heed the advice of the Court of Appeals. This Court finds no evidence of discriminatory animus by defendant in its business decision to eliminate the Condado Division and plaintiff's job.

In view of the above discussion, defendant's Motion for Summary Judgment is GRANTED. (Docket # 6)

■■ Plaintiff also presents a claim under pendent jurisdiction for violation of Puerto Rico's discrimination laws. This Court declines to exercise such pendent jurisdiction. "As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims." *Rodriguez v. Doral Mortgage Corp.,* 57 F.3d 1168, 1177 (1st Cir.1995) See also *Martinez v. Colon* 54 F.3d 980, 990 (1st Cir.1995) (affirming dismissal without prejudice of pendent claims when the district court determined "far in advance of trial that no legitimate federal question existed.") Accordingly, plaintiff's complaint against defendant is hereby DISMISSED. Judgment shall follow accordingly.

**SO ORDERED.**