Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| DANIEL APONTE FLECHA<br><br>Apelante<br><br>v.<br><br>CC1 LIMITED PARTNERSHIP H/N/C COCA-COLA PUERTO RICO BOTTLERS<br><br>Apelada | KLAN202300908 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil núm.: BY2023CV02000 (505)<br><br>Sobre: Ley núm. 2 de 17 de octubre de 1961; Ley núm. 100 de 30 de junio de 1959; Ley núm. 115 de 21 de diciembre de 1961 |
| --- | --- | --- |

Panel integrado por su presidenta la jueza Ortiz Flores, el juez Rivera Torres y la jueza Rivera Pérez.

**Rivera Torres, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 8 de diciembre de 2023.

Comparece ante este tribunal apelativo el Sr. Daniel Aponte Flecha (el apelante o el señor Aponte Flecha) mediante el recurso de apelación de epígrafe y nos solicita que revoquemos la *Sentencia* dictada por el Tribunal de Primera Instancia, Sala Superior de Bayamón (el TPI), el 3 de octubre de 2023, notificada al día siguiente. Mediante dicho dictamen, el foro primario declaró *Con Lugar* la moción de desestimación presentada por CC1 Limited Partnership h/n/c Coca-Cola Puerto Rico Bottlers (la apelada o Coca-Cola); y, en consecuencia, desestimó con perjuicio la querella instada por el apelante.

Por las razones que expondremos a continuación, modificamos la *Sentencia* y ordenamos la continuación del

Número Identificador

SEN2023_____

procedimiento sumario en cuanto a la alegación dieciocho (18) de la *Querella*; y así modificada, confirmamos.

**I.**

Conforme surge del expediente, el presente caso se remonta a la radicación de una primera querella ante el TPI el 7 de octubre de 2022 por el señor Aponte Flecha.[1] La misma trataba sobre una reclamación de discrimen por edad en el empleo y represalia a base de la Ley núm. 100 de 30 de junio de 1959, *Ley Antidiscrimen de Puerto Rico*, 29 LPRA sec. 146 *et seq.*, (Ley núm. 100) y de la Ley núm. 115 de 21 de diciembre de 1991, *Ley de Represalias*, 29 LPRA sec. 194 *et seq.*, (Ley núm. 115). Además, este se acogió al procedimiento sumario provisto por la Ley núm. 2 de 17 de octubre de 1961, *Ley de Procedimiento Sumario de Reclamaciones Laborales*, 32 LPRA sec. 3118 *et seq.*, (Ley núm. 2). Indicó que tenía 58 años de edad,[2] y alegó que su supervisor, el Sr. Nelson Creque Torres (el señor Creque Torres), mostró hacia él una conducta hostil, a través de comentarios discriminatorios[3] sobre su edad, críticas a su desempeño y amenazas de despido. Igualmente, adujo que la esposa del señor Creque Torres, la Sra. Leticia Díaz, también le hizo comentarios de índole discriminatoria y lo amenazaba con que su esposo lo iba a despedir.

En respuesta a esta primera querella, la apelada presentó el 24 de octubre de 2022 una contestación y solicitud de desestimación.[4] Allí, negó la mayoría de las alegaciones y solicitó la desestimación del reclamo bajo el principio de la Regla 10.2 (5) de las de Procedimiento Civil, 32 LPRA Ap. V, Regla 10.2, la cual permite a una parte solicitar la desestimación por la falta de exponer

---

[1] A la referida querella se le asignó la clasificación alfanumérica Y2022CV05164. Véase el Apéndice del Recurso, a las págs. 77-80.

[2] *Íd.*, a la pág. 77.

[3] *Íd.*, a la pág. 78.

[4] *Íd.*, a la pág. 82. Advertimos que tomamos conocimiento judicial del expediente electrónico del caso BY2022CV05164, entrada 8, en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

una reclamación que justifique la concesión de un remedio. El 11 de noviembre de 2022, el señor Aponte Flecha sometió una oposición,[5] a la cual la apelada presentó una réplica.[6]

Luego de los trámites procesales mencionados, el 2 de febrero de 2023, el TPI dictaminó *Ha Lugar* al petitorio desestimatorio al razonar que esta primera querella no fue lo suficientemente específica (plausible) ni se demostraron *prima facie* los criterios rectores de la Ley núm. 100 ni de la Ley núm. 115 como para ejercer una causa de acción válida en derecho.[7] Adicionalmente, respecto a la Ley núm. 100 el foro apelado enfatizó que "… comentarios aislados que no conlleven una decisión negativa sobre un empleado, no constituyen evidencia de discrimen, y en consecuencia, no pueden activar presunción alguna".[8] Del mismo modo, en cuanto a la Ley núm. 115 expresó que al amparo de este estatuto "el empleado deberá establecer *prima facie* que participó en una actividad protegida, y que fue subsiguientemente despedido, amenazado o discriminado. Para ello, es menester probar un nexo causal entre la conducta querellada y el daño sufrido, cosa que aquí ni siquiera se ha alegado concretamente, mucho menos se ha ofrecido prueba alguna para evidenciarlo".[9] El señor Aponte Flecha no solicitó **reconsideración ni presentó recurso de apelación, por lo que la *Sentencia* advino final, firme e inapelable**.

Así las cosas, el 15 de abril de 2023, el apelante presentó una **segunda querella** también al palio de la Ley núm. 100 y la Ley núm. 115.[10] Como en la ocasión anterior, se acogió al procedimiento sumario establecido en la Ley núm. 2. En síntesis, alegó

---

[5] *Íd.*, SUMAC, entrada 10.
[6] *Íd.*, SUMAC, entrada 11.
[7] *Íd.*, a las págs. 89-90.
[8] *Íd.*, a la pág. 90.
[9] *Íd.*
[10] *Íd.*, a la pág. 8.

nuevamente haber sido objeto de comentarios y trato discriminatorios por razón de su edad.

El 1 de mayo de 2023, Coca-Cola instó una *Moción de desestimación y contestación a la querella*. En esta, solicitó primariamente que se desestimase el reclamo acorde con la aplicabilidad de la doctrina de cosa juzgada y lo dispuesto en la Regla 10.2 (5) de las de Procedimiento Civil, *supra*, por entender que la segunda querella, una vez más, no aducía una causa de acción que justificara la concesión de un remedio en ley.[11] Al respecto, abundó que en la primera querella ya se había resuelto lo peticionado por el señor Aponte Flecha en la segunda querella, según surgía de la Sentencia dictada el 2 de febrero de 2023 en el caso BY2022CV05164.[12]

Ante esto, el apelante presentó una *Oposición a moción de desestimación con relación a la doctrina de cosa juzgada*.[13] En esencia, alegó que era improcedente la aplicación de cosa juzgada, ya que, aunque esta fuese aplicada, no impedía que el apelante pudiese radicar una segunda querella para plantear eventos anteriores e incluir **hechos nuevos** que no fueron adjudicados en la primera causa. Sostuvo también que, en cuanto a los hechos ya adjudicados en la primera querella, **estos fueron probados** y por tal motivo, tienen que ser interpretados como ciertos en la segunda reclamación.[14] A su vez, adujo que, al interpretar todas las alegaciones de manera conjunta, se cumplía con el criterio de presentar un caso *prima facie* de discrimen y represalias.

Analizadas las mociones, el TPI dictó la *Sentencia* apelada razonando que "... el señor Aponte no logra, otra vez, presentar hechos que demuestre[n] que tiene un caso *prima facie* por

---

[11] *Íd.*, a las págs. 13-54, con anejos a las págs. 55-69.
[12] *Íd.*, a las págs. 13-20.
[13] *Íd.*, a las págs. 70-76.
[14] *Íd.* a la pág. 71.

discrimen o por represalias. De los hechos presentados, tanto en la querella como en la solicitud de desestimación e, incluso, en la oposición, queda claro que lo que realmente el señor Aponte desea es presentar una apelación fuera de tiempo y ante el foro incorrecto".[15] Con relación a la aplicación de la doctrina de cosa juzgada; dispuso lo siguiente:[16]

> No hay dudas de que la primera querella, presentada en el caso civil núm. BY2022CV05164, por el señor Aponte, en lo esencial, **es idéntica** a la que atendemos en este momento. Aunque la querella ante nuestra consideración se presenta con **algunas cosas distintas**, como fechas en que supuestamente ocurrieron los hechos, realmente esto **no es otra cosa que un intento de presentar los mismos hechos bajo una descripción más específica**, por ejemplo, cuando ocurrieron los supuestos hechos de discrimen, y al igual que en la primera querella, **no hay realmente nada que podamos decir que es nuevo** y no fue atendido y resuelto por el tribunal, anteriormente. En esencia, **todo lo que el querellante alega fue resuelto por la jueza Pintado**, cuando desestimó la querella con perjuicio. Además, no hay duda de que **las partes son las mismas**, por lo que podemos decir **que existen identidad de causas**; una acción de discrimen por edad y represalias contra su patrono CCPRB. [Énfasis nuestro]

Inconforme, el apelante recurre ante esta *Curia* imputándole al foro primario haber incurrido en los siguientes errores:[17]

> PRIMER ERROR: ERRÓ EL TPI AL DICTAR SENTENCIA Y DESESTIMAR LA QUERELLA RADICADA POR EL APELANTE BAJO LAS DOCTRINAS DE COSA JUZGADA E IMPEDIMENTO COLATERAL, DEBIDO A QUE LA QUERELLA DESESTIMADA ESTABA BASADA EN HECHOS OCURRIDOS POSTERIORES A LA SENTENCIA DICTADA POR EL TPI EN UN CASO RADICADO POR EL APELANTE PREVIAMENTE.
>
> SEGUNDO ERROR: ERRÓ EL TPI, POR MOTIVO A QUE AQUILATÓ Y EVALUÓ LAS ALEGACIONES EN LA MOCIÓN DE DESESTIMACIÓN RADICADA POR LA APELADA BAJO LA [R]EGLA 10.2 DE LAS REGLAS DE PROCEDIMIENTO CIVIL Y TOMÓ COMO CIERTAS, Y LE DIO COMPLETA CREDIBILIDAD A LAS ALEGACIONES DE LA APELADA SIN TOMAR COMO CIERTAS, Y SIN TAN SI QUIERA CONSIDERAR LAS ALEGACIONES DEL APELANTE EN SU QUERELLA.
>
> TERCER ERROR: ERRÓ EL TPI AL DICTAR SENTENCIA Y DESESTIMAR LA CAUSA DE ACCIÓN DE APONTE DE REPRESALIA[S] CUANDO LA ACTIVIDAD PROTEGIDA EN QUE INCURRIÓ APONTE

---

[15] *Íd.*, a la pág. 6.
[16] *Íd.*, a la pág. 5.
[17] Precisa advertir que resumimos los señalamientos de error formulados por el apelante en el recurso.

OCURRIÓ POSTERIOR A LA PRIMERA QUERELLA RADICADA Y POSTERIOR TAMBIÉN A LA SENTENCIA DICTADA EN ESE PRIMER CASO.

El 17 de octubre de 2023, emitimos una *Resolución* concediéndole a la parte apelada el término de treinta (30) días para expresarse. Transcurrido dicho término, sin que la parte cumpliera con dicha orden, decretamos perfeccionado el recurso y resolvemos sin su comparecencia.

Analizado el expediente apelativo; así como estudiado el derecho aplicable, resolvemos.

**II.**

**Doctrina de cosa juzgada y su modalidad de impedimento colateral por sentencia**

El Código Civil de 2020, Ley núm. 55-2020, 31 LPRA sec. 5311 *et seq.*, no contiene una disposición específica que contenga los postulados de la doctrina o excepción de cosa juzgada o *exceptio rei judicatae*.[18] Sin embargo, se mantiene en nuestro ordenamiento dicha doctrina de raigambre romana basada en el Artículo 1204 del Código Civil de 1930. *P.R. Wire Prod. v. C. Crespo & Assoc.*, 175 DPR 139 (2008).

El efecto de esta doctrina es que la sentencia decretada en un pleito anterior **impide** que en un pleito posterior se litiguen entre las mismas partes y sobre la misma causa de acción y cosas, las cuestiones ya litigadas y adjudicadas, y **aquellas que pudieron haber sido litigadas y adjudicadas con propiedad en la acción previa.** *Méndez v. Fundación*, 165 DPR 253, 267 (2005); *Pagán Hernández v. U.P.R.*, 107 DPR 720, 732-733 (1978); *Mercado Riera v. Mercado Riera*, 100 DPR 940, 950 (1972).

En reiteradas ocasiones, se ha determinado que la aplicación de la doctrina de cosa juzgada es provechosa y necesaria para la

---

[18] Refiérase al derogado Artículo 1204 del Código Civil de 1930, 31 LPRA ant. sec. 3343.

sana administración de la justicia. *P.R. Wire Prod. v. C. Crespo & Assoc.*, supra, a la pág. 151. A través de esta se promueve el interés del Estado en ponerle punto final a los litigios, **de manera que estos no se eternicen** y se otorgue la debida dignidad a las actuaciones de los tribunales. *Pérez v. Bauzá*, 83 DPR 220, 225 (1961).

De otra parte, mediante la referida doctrina se protege a los ciudadanos **de las molestias y vicisitudes que supone litigar dos veces la misma causa de acción o aquellas que pudieron haberse litigado en dicha ocasión**. *Pérez v. Bauzá*, supra; *Parrilla v. Rodríguez*, 163 DPR 263, 268 (2004). De lo anterior podemos colegir que el propósito de cosa juzgada es imprimir finalidad a los dictámenes judiciales, de manera que las resoluciones contenidas en estos concedan certidumbre y certeza a las partes en el litigio. *Parrilla v. Rodríguez*, supra.

Como es sabido, la doctrina de cosa juzgada es una defensa afirmativa y para ser invocada exitosamente, es preciso que entre el caso resuelto por la sentencia y en el caso que se invoca la misma, **concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron**. *Méndez v. Fundación*, supra, a la pág. 267. Es solo cuando se cumplen con estos requisitos que se activa la presunción de *res judicatae*. Ello así, siempre y cuando la sentencia anterior fue emitida por un tribunal competente, con jurisdicción y **dicha decisión advino final y firme.** *Bonafont Solís v. American Eagle*, 143 DPR 374, 383 (1997). No obstante, aun cuando concurran los mencionados requisitos, en ciertas ocasiones se ha declinado la aplicación de la defensa de cosa juzgada para evitar una injusticia o cuando se plantean consideraciones de interés público. *Meléndez v. García*, 158 DPR 77, 92 (2002). Ahora bien, no se favorece la aplicación liberal de excepciones a la doctrina de cosa juzgada puesto que se puede afectar la finalidad de las controversias

adjudicadas, y por ende el buen funcionamiento del sistema judicial. *Parrilla v. Rodríguez,* supra, a la pág. 271.

Por otro lado, se reconoce en nuestro acervo jurídico la figura del impedimento colateral por sentencia como una modalidad de la doctrina de cosa juzgada. *P.R. Wire Prod. v. C. Crespo & Assoc.,* supra, a la pág. 152. El impedimento colateral por sentencia "surte efectos cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y se determina mediante sentencia válida y final, [y] tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén envueltas causas de acción distintas." *A & P Gen. Contractors v. Asoc. Caná,* 110 DPR 753, 762 (1981). Es decir, el impedimento colateral por sentencia impide que se litigue, en un litigio posterior, **un hecho esencial que fue adjudicado mediante sentencia final en un litigio anterior**. *P.R. Wire Prod. v. C. Crespo & Assoc.,* supra, a la pág. 152. No obstante, a diferencia de la doctrina de cosa juzgada, la aplicación de la figura de impedimento colateral por sentencia no exige **la identidad de causas**, esto es, que la razón de pedir plasmada en la demanda sea la misma en ambos litigios. *Rodríguez Rodríguez v. Colberg Comas,* 131 DPR 212, 219 (1989).

Sobre la identidad de causas, en *A & P Gen. Contractors, v. Asoc. Caná,* supra, a la pág. 765, el Tribunal Supremo señaló que en el contexto particular de la doctrina de cosa juzgada y de impedimento colateral por sentencia, tal requisito significa **el fundamento capital**, es decir, el origen de las acciones o excepciones planteadas y resueltas. Al igual que la doctrina de cosa juzgada, el propósito de la figura del impedimento colateral por sentencia es promover la economía procesal y judicial y amparar a los ciudadanos del acoso que **necesariamente conlleva litigar en más de una ocasión hechos ya adjudicados**. *P.R. Wire Prod. v. C. Crespo & Assoc.,* supra, a la pág. 152. El impedimento colateral por

sentencia se manifiesta en dos modalidades, la defensiva y la ofensiva. *A & P Gen. Contractors v. Asoc. Caná*, supra, a la pág. 758. La modalidad **defensiva** le permite al **demandado** levantar la defensa de impedimento colateral por sentencia, a los fines de impedir la litigación de un asunto levantado y perdido por el demandante de un pleito anterior frente a otra parte. *Íd*. De otro lado, **la modalidad ofensiva es articulada por el demandante en un litigio posterior para impedir que el demandado relitigue** los asuntos ya dilucidados y perdidos frente a otra parte. *Íd.* Como se puede apreciar, el denominador común entre ambas modalidades es que la parte afectada por la interposición del impedimento colateral **ha litigado** y ha perdido el asunto en el pleito anterior. *Íd.*; Véase, además, *P.R. Wire Prod. v. C. Crespo & Assoc.*, supra, a la pág. 153.

Como corolario de lo anterior, es inevitable concluir que no procede la interposición de la doctrina de impedimento colateral por sentencia -ya sea en su vertiente ofensiva o defensiva- cuando la parte contra la cual se interpone (1) no ha tenido la oportunidad de litigar previamente el asunto, y (2) no ha resultado ser la parte perdidosa en un litigio anterior. *P.R. Wire Prod. v. C. Crespo & Assoc.*, supra, a la pág. 153.

**Moción de desestimación**

Nuestro máximo foro ha expresado que, una moción de desestimación que alegue que la demanda deja de exponer una reclamación que justifique la concesión de un remedio se dirige a los méritos de la controversia. *Montañez v. Hosp. Metropolitano*, 157 DPR 96, 104 (2002). Por tal razón, la desestimación de la causa de acción versará sobre los méritos del caso y no sobre los aspectos procesales que contemplan los demás incisos de la Regla 10.2 de Procedimiento Civil, *Montañez v. Hosp. Metropolitano*, supra, a las págs. 104-105 (cita omitida). En lo pertinente, consignamos que la desestimación de una reclamación es un pronunciamiento judicial

que, cuando se entiende como una resolución del caso en los méritos, ha sido caracterizada como "la sanción máxima, la pena de muerte procesal, contra una parte". *VS PR, LLC v. Drift-Wind*, 207 DPR 253, 264 (2021).[19]

La importancia de conocer el efecto de la desestimación estriba en que, si se considera una adjudicación terminante, no podría volverse a presentar una demanda sobre la misma controversia por ser de aplicación la doctrina de cosa juzgada. *Íd.*, a la pág. 265.[20]

Por último, destacamos la Regla 39.2(c) de las de Procedimiento Civil, la cual indica que: "A menos que el tribunal lo disponga de otro modo en su orden de desestimación, una desestimación bajo esta Regla 39.2 **y cualquier otra desestimación**, excepto la que se haya dictado por falta de jurisdicción o por haber omitido acumular una parte indispensable, **tienen el efecto de una adjudicación en los méritos**".[21] 32 LPRA Ap. V, R. 39.2. De igual manera, una desestimación *con perjuicio* se entenderá que hubo una adjudicación en los méritos, lo que impediría que el demandante pueda presentar nuevamente su reclamo. *Pramco CV6, LLC v. Delgado Cruz y otros*, 184 DPR 453, 461 (2012).

### III.

El apelante señaló tres errores cometidos por el foro inferior al desestimar la querella, los cuales por estar relacionados entre sí, procederemos a discutirlos conjuntamente.

En primer lugar, se nos alega un error cometido en cuanto a la desestimación de la segunda querella al tenor de la doctrina de cosa juzgada e impedimento colateral por sentencia. Al respecto, y

---

[19] Citando a R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, a la pág. 250.
[20] Citando a *Díaz Maldonado v. Lacot*, 123 DPR 261, 274-275 (1989).
[21] Énfasis nuestro.

como indicamos, el TPI concluyó que la primera querella es idéntica a la que atendemos, y solo es otro intento del apelante de presentar los mismos hechos bajo una descripción más específica. Por ende, se hace necesario que analicemos los criterios a satisfacer para que proceda la doctrina de cosa juzgada, puesto que su aplicación no es automática. *Parrilla v. Rodríguez*, supra, a las págs. 270-271. En este sentido, su aplicación se trata, *ab ovo*, de cumplir con la más perfecta identidad entre las cosas; las causas; las personas de los litigantes y la calidad con que lo fueron.

En cuanto al último criterio, "[e]ste requisito se extiende a querer intervenir en el proceso a nombre, y en interés propio. En otras palabras, las personas que son parte en ambos procedimientos **deben ser las mismas** …".[22] Es evidente que el requerimiento acerca de las personas de los litigantes se cumple en esta ocasión, puesto que en esta segunda querella están las mismas partes que integraron la primera: el señor Aponte Flecha y Coca-Cola.[23]

Ahora bien, respecto a la identidad entre las causas, este supuesto se refiere a que las dos acciones ejercitadas implican un mismo motivo o razón de pedir.[24] Es decir, si ambas reclamaciones se basan en la misma transacción o núcleo de hechos.[25] A lo cual añade que "[s]on los hechos, y no la forma en que se titule el recurso lo que debe servir de base para resolver sobre la identidad de las acciones en casos de cosa juzgada".[26] Asimismo sobre este criterio, menciona la Dra. Ruth E. Ortega Vélez que "[p]oco importa si ambos pleitos se originan bajo leyes diferentes, pues el mismo derecho puede ser protegido por más de una disposición legal. Lo importante es que la causa o razón para reclamar de ambos pleitos surja de un

---

[22] Véase, J. Cuevas Segarra, *Las Medidas Cautelares y la Ejecución de la Sentencia*, Barcelona, Ed. BOSCH, 2020, a la pág. 474.

[23] Véase, R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, LexisNexis, 2017, a la pág. 3.

[24] Véase, Cuevas Segarra, *op. cit.*, a la pág. 473.

[25] *Íd.*, a la pág. 474 (citas omitidas).

[26] *Íd.* (cita omitida).

núcleo común de hechos operacionales, que sea una repetición fáctica, o que surja de una misma conducta, transacción u ocurrencia".[27]

A la luz de lo mencionado, resulta que, en la controversia que nos compete <u>también concurre una identidad de causas</u> porque los hechos alegados entre la primera y la segunda querella, como se ilustrará más adelante, son los mismos, y en especial, cuando fechan desde el 2019.[28] Ciertamente **el motivo de pedir entre la primera y la segunda querella es el mismo**, o sea, una causa de acción que nace de la ilegalidad de discriminar a un empleado en el ambiente de trabajo por razón de su edad y las represalias que presuntamente esto acarreó a base a los hechos ocurridos hasta ese momento en la primera querella. Por tanto, la causa en ambas reclamaciones surge de un núcleo común y una misma conducta.

Por último, se exige que también concurra la <u>más perfecta identidad entre las cosas</u>. Lo esencial sobre este particular es determinar que ambos litigios <u>se refieran a un mismo asunto</u>.[29] Además, para corroborar que existe identidad de cosas, es menester determinar si un juez está expuesto a contradecir una decisión anterior afirmando un derecho nacido o naciente. Para esto, se tiene que identificar e<u>l bien jurídico cuya protección o concesión se solicita del juzgador</u>.[30] Así, se constituye el requisito de identidad de causas "cuando la nueva acción estuviera como embebida en la primera, o fuese consecuencia inseparable de la misma". José María Manresa y Navarro, Comentarios al Código Civil Español, Tomo VIII, Vol. II, a las págs. 303-04 (Sexta Edición, 1967), citado con aprobación en *Mercado Rivera v. Mercado Rivera*, supra, a las págs. 951-952. Por ambas causas de acción referirse al mismo asunto, el

---

[27] R. Ortega Vélez, *Doctrinas Jurídicas del Tribunal Supremo de Puerto Rico*, 2da ed., San Juan, Ed. SITUM, 2021, a la pág. 65.
[28] Véase el Apéndice del Recurso, a la pág. 9.
[29] Véase, Cuevas Segarra, *op. cit.*, a la pág. 473 (citas omitidas).
[30] *Íd.*

caso de autos también cumple con el requisito de identidad de cosas. Del mismo modo, al concurrir las mismas causas, no amerita indagar sobre la aplicación de la modalidad de impedimento colateral.

En fin, de una **somera lectura es evidente que la segunda querella es una copia casi exacta de la primera. En la segunda reclamación se parafrasean las alegaciones anteriores y se añaden detalles tales como fechas.** Ello, como bien señaló el foro primario. Incluso, las fechas añadidas corresponden a eventos que fueron o debieron ser incluidos en la primera causa de acción. A manera ilustrativa, veamos algunas alegaciones según plasmadas en ambos reclamos, a las que hemos impartido énfasis con fines comparativos:[31]

### Primera querella

10. Creque, *le ha quitado deberes y responsabilidades de importancia a Aponte* y le ha asignado los mismos a otros empleados, lo que ha afectado negativamente el que Aponte pueda realizar los deberes y funciones que Creque le ha dejado a este, que *son los deberes y funciones que requieren un mayor esfuerzo físico de Aponte para poder realizar los mismos.* Aponte, por motivo a las acciones de Creque en su contra anteriormente descritas, y a las asignaciones de trabajo de Creque al querellante, se ha lesionado en varias ocasiones por motivo a esfuerzo físico que tiene que hacer solo, para poder realizar las funciones asignadas por Creque.

13. La Sra. Leticia, quien es la esposa de Creque, y trabaja en la querellada, en las ocasiones en que tiene que realizar algún trabajo con Aponte y/o que necesita alguna información de Aponte, constantemente *le hace comentarios a Aponte, de que no sirve, de que no sabe hacer nada, de que la información y el trabajo efectuado por Aponte, no sirve, y de que, su esposo eventualmente lo despedirá.*

16. Creque, en las reuniones con otros empleados y supervisores, constantemente se dedica a ridiculizar a Aponte y humilla a Aponte, a criticar el desempeño de Aponte por razones falsas e injustificadas, y constantemente amenaza a Aponte con que lo va a despedir, no empecé a que Aponte, en todo momento ha cumplido con todos sus deberes y funciones.

---

[31] Itálicas y subrayado nuestro.

**Segunda querella**

10. Creque, desde <u>aproximadamente el mes de enero del 2019</u>, hasta el presente, *le ha quitado deberes y responsabilidades de importancia a Aponte* relacionados a la supervisión de empleados y le ha asignado los mismos al Sr. Orlando Serrano, lo que ha afectado negativamente el que Aponte pueda realizar los deberes y funciones que Creque le ha dejado a este, que son los deberes y funciones *cargando y moviendo máquinas y equipos en rutas, que requieren un mayor esfuerzo físico* de Aponte para poder realizar los mismos. Aponte, por motivo a las acciones de Creque en su contra anteriormente descritas, y a las asignaciones de trabajo de Creque al querellante, cargando y moviendo máquinas, por motivo de lo cual *se ha lesionado en varias ocasiones por motivo a esfuerzo físico que tiene que hacer*, solo, para poder cumplir con las metas asignadas por Creque.

13. La Sra. Leticia, quien es la esposa de Creque, y trabaja en la querellada, <u>desde el mes de enero del 2020</u>, hasta el presente, en las ocasiones en que tiene que realizar algún trabajo con Aponte y/o que necesita alguna información de Aponte, que es aproximadamente 1 o 2 veces a la semana, constantemente *le hace comentarios a Aponte, de que Aponte no sirve, y que Aponte no sabe hacer nada, de que la información y el trabajo efectuado por Aponte, no sirve, y de que su esposo eventualmente lo despedirá porque está viejo y no sirve.*

16. Creque, en las reuniones semanales con otros empleados y supervisores, *constantemente se dedica a ridiculizar a Aponte y humilla a Aponte frente a los otros empleados*, y hasta inclusive le grita a Aponte, y critica negativamente el desempeño de Aponte, por razones falsas e injustificadas, y constantemente amenaza a Aponte con que lo va a despedir, no empecé a que Aponte, en todo momento ha cumplido con todos sus deberes y funciones.

Como indicamos, el efecto de la doctrina de cosa juzgada es que la sentencia decretada en un pleito anterior impide que en uno posterior se disputen entre las mismas partes y sobre la misma causa de acción y cosas, las cuestiones ya litigadas y adjudicadas, y **aquellas que pudieron haber sido litigadas y adjudicadas con propiedad en la acción previa.** Por ende, no hay duda alguna que las alegaciones contenidas en la segunda querella son las mismas. Recordemos que la primera querella fue desestimada por motivo de lo que concierta la Regla 10.2 (5) de las de Procedimiento Civil, y dicha desestimación constituye una adjudicación en los méritos. Por consiguiente, el apelante no podía argüir nuevamente los mismos

hechos que alegó en la primera querella, ni mucho menos pretender enmendar las alegaciones de la primera querella presentando una segunda querella solamente añadiendo ciertos detalles y fechas, los cuales debieron ser expuestos en su primer reclamo.

En este sentido, y en su lugar, el apelante debió solicitar una reconsideración del primer dictamen al foro primario o apelar ante esta *Curia*, dentro de los términos correspondientes para ello. Sin embargo, este se cruzó de brazos. Reiteramos las palabras del Tratadista Hernández Colón, en cuanto a que la desestimación ha sido caracterizada como "la sanción máxima, la pena de muerte procesal, contra una parte". Hernández Colón, *op. cit.*, a la pág. 250.

Añadimos, como correctamente determinó el foro apelado, "[d]e los hechos presentados, tanto en la querella como en la solicitud de desestimación e, incluso, en la oposición, queda claro que lo que realmente el señor Aponte desea es **presentar una apelación fuera de tiempo y ante el foro incorrecto.** Si el querellante no estaba de acuerdo con lo resuelto por la Honorable Vanessa Pintado, este debió presentar un recurso ante el Tribunal de Apelaciones dentro del término señalado en las Reglas de Procedimiento Civil".[32] [Énfasis nuestro]

Ahora bien, al analizar el criterio de identidad de cosas, encontramos que este no aplica a la represalia alegada en el inciso dieciocho (18) de la querella de autos, la cual reza como sigue:

> "Posterior a la radicación de la Querella, el 10 de diciembre de 2022, y luego de que la misma fuera desestimada, Creque, semanalmente, se burla de Aponte por motivo a que su Querella fue desestimada y se refiere a Aponte con comentarios de que Aponte es un viejo embustero y que por motivo a Aponte radicar una querella en su contra, va a despedir a Aponte, y que la compañía iba a despedir a Aponte por motivo a la Querella radicada".[33]

---

[32] Véase, Apéndice del Recurso, a las págs. 6-7.
[33] *Íd.*, a la pág. 11.

Este suceso manifiestamente demuestra ser **uno nuevo, cosa distinta, y no esbozado en la primera querella**, ya que según se alegó, ocurre después de finalizado el pleito BY2022CV05164. Por ende, la identidad de cosas no se cumple en cuanto a lo especificado en la alegación del inciso citado. Esto es así, porque al tratarse de un hecho ocurrido con posterioridad y por motivo de la presentación de la primera querella, este no fue considerado al momento de dictarse la sentencia en el caso previo. Así pues, su adjudicación no estaría expuesta a contradecir la decisión final y firme ya emitida en un caso anterior.

En fin, concluimos que, en cuanto a este suceso en específico, el TPI cometió el error al aplicarle la doctrina de cosa juzgada y de impedimento colateral por sentencia. Decididamente, al examinar la alegación citada lo más liberalmente posible a favor del apelante, y tomando el hecho incluido como cierto, la misma establece una nueva reclamación plausible de represalias al amparo de la Ley núm. 115.

De otra parte, recordemos que los criterios dispuestos en nuestra casuística para el análisis de una solicitud de desestimación al palio de la Regla 10.2 de las de Procedimiento Civil, *supra*, requiere que las alegaciones, **aun cuando no son hechos probados**, deben tomarse como ciertas e interpretadas liberalmente a favor del demandante. Por lo que, la causa de acción únicamente debe desestimarse cuando, de las alegaciones analizadas, surge indubitadamente que no procede conceder remedio alguno a favor del demandante.

En consecuencia, es contrario a derecho los argumentos del apelante al señalar que los hechos de la primera querella fueron adjudicados por lo que pueden ser parte de la segunda querella para en conjunto establecer un caso *prima facie*. En relación a esto, destacamos que una vez alegados los elementos que dan lugar a una

causa de acción, establecer un caso *prima facie* requiere también la presentación de prueba y luego de activada la presunción lo que corresponde entonces al patrono es derrotar la misma. *López Fantauzzi, et. al. v. 100% Natural, et al.*, 181 DPR 92 (2011). En el caso de autos, le correspondía al señor Aponte Flecha alegar correctamente los hechos nuevos que entendía daban a lugar una querella distinta, tal y como lo hizo con la represalia alegada en el inciso número 18 de esta segunda querella. Como es alto conocido los argumentos presentados en las mociones no enmiendan la demanda. Además, no obviemos que estamos ante un procedimiento sumario, al amparo de la Ley núm. 2 el cual instituye un procedimiento de adjudicación de pleitos laborales dirigido a la rápida consideración y resolución. Esto, concediendo un trámite procesal con términos cortos y criterios limitados en la aplicación de las Reglas de Procedimiento Civil. Además, una vez contestada la querella el juicio se celebrará sin sujeción a calendario a instancias del querellante, previa notificación al querellado. 32 LPRA sec. 3121.

Por último, no era menester del TPI entrar en los méritos de la decisión referente a la primera querella cuando dicha Sentencia constituyó una adjudicación en sus méritos que advino final, firme e inapelable. **Lo correspondiente era evaluar si aplicaba la doctrina de cosa juzgada al pleito ante sí**. Por lo que, resultó contradictorio en derecho y totalmente desacertado dar por probados todos los hechos presentados por el apelado y determinar que *esencialmente, demostraban antes y ahora que el querellante no fue discriminado, ni sufría de un patrón de represalias*. Asimismo, destacamos que en un procedimiento sumario el apelante no tiene que negar los hechos aducidos en la contestación a la querella como señaló el foro apelado. Por ende, erró al entrar a adjudicar los hechos alegados en ambas querellas al amparo de la Ley núm. 100. Sin

embargo, este error en nada incide sobre nuestro dictamen relativo a la doctrina de cosa juzgada.

En resumen, el TPI no erró al considerar que al presente caso le aplicaba la doctrina de cosas juzgada. Ahora bien, sí actuó incorrectamente al extender la misma a la alegación número 18 de la segunda querella instada, según explicamos. Ello así, ya que, a nuestro juicio, dicha alegación sí expone una nueva reclamación que justifica la concesión de un remedio. Por lo cual, procede que modificamos el dictamen apelado solo a estos fines.

**IV.**

Por los fundamentos antes expuestos, modificamos la *Sentencia* apelada a los únicos efectos de que continúe el procedimiento sumario, en cuanto a la alegación 18 de la querella de autos sobre represalias, por no aplicarle la doctrina de cosa juzgada. Así modificada, confirmamos.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones